Carson v. Hunt.

---

JOHN P. CARSON, APPELLEE, V. A. P. HUNT ET AL., APPELLANTS.

FILED JULY 1, 1925.    No. 23228.

1. **Pleading:** GENERAL DENIAL: ADMISSIONS. When, as in this case, a general denial is interposed to a pleading, coupled with and followed by admissions, the denial yields to the admissions to the extent thereof.

2. **Trial:** INSTRUCTIONS. On a trial to a jury, each party is entitled to instructions covering the issues raised by the pleadings, which are supported by evidence, and the respective theories upon which the case is tried. It is reversible error not to give such instructions.

3. **Alleged Errors** based upon the refusal of the trial court to admit certain evidence, and the sufficiency of the evidence as a whole, considered and discussed in the opinion.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE, *Reversed.*

*W. C. Parriott,* for appellants.

*Harry R. Ankeny* and *A. Moore Berry, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and THOMPSON, JJ.

THOMPSON, J.

Plaintiff, appellee, seeks to recover of defendants, appellants, whom he designates as members of a partnership, on an alleged oral contract for employment for the term of six months, at the salary of $65 a week, and $5 a day in addition when required to be away from Lincoln. He alleges, in substance, that the employment commenced November 1, 1920, and continued until January 17, 1921, when he was informed that his services were no longer needed; that on March 21, 1921, he obtained employment with another party at $43.50 a week; that defendants paid him $250 in salary, $105 as expenses, and the other employment enabled him to earn $217.50, making a total of $572.50, leaving a balance past due and owing of $1,239.56, for which he prays judgment.

The following is the substance of the answer interposed: A denial of each and every allegation in the petition; alleges that the parties to the action undertook to organize a company to be known as the Consolidated Silica Company, of which plaintiff subscribed for stock, its purpose being to handle the products of the Douglas Nu-Wa Company, which was owned by defendants Hunt and Douglas; that as a part of such plan plaintiff was employed for three months at $65 a week, $15 of which was to apply on the payment of such stock subscription; that they have paid plaintiff $50 a week for three months; that of these three months plaintiff consumed much time in his own private business in experimenting on a secret sweeping compound; that plaintiff was incompetent to do the work for which he was hired, and that the organization of the company was not fully perfected because of such incompetency; that the adventure resulted in a total loss to defendants, while plaintiff received a salary for the time he was employed, in excess of his earning.

For reply, plaintiff denies generally each allegation of

the answer, except that he admits that he was to become a stockholder, and that defendants Hunt and Douglas were the owners of the Douglas Nu-Wa Company, and alleges that no objections were interposed to his conduct or services rendered. Trial had to a jury, verdict and judgment as prayed by plaintiff for $1,239.56. Motion for a new trial overruled, and defendants appeal, relying for reversal upon the following grounds: The court erred in giving instructions numbered 1 and 4; in refusing to admit in evidence exhibit 8; the verdict is unsupported by the evidence, and is excessive.

The answer taken as an entirety admits the contract of employment, and also admits that the salary was to be at the rate of $65 a week, but alleges that the contract was for three months, and that $15 of the $65 was to be satisfied by plaintiff's acceptance of $15 worth of stock in the proposed corporation, for which he had subscribed, plaintiff and defendants together undertaking its organization. These admissions follow the general denial, and no objection was interposed to this manner of pleading. Thus, each thereof eliminates such denial to that extent, and to the same extent supplants it. As is stated in the body of the opinion in *Bierbower v. Polk,* 17 Neb. 268, 278: "We will not try to harmonize the general denial with the other allegations of the answer, but will only say that it must be quite difficult to deny a proposition and admit its truth in the same verified pleading. The denial must yield to the admission." This rule applies especially to this case, as the answer is not challenged for inconsistency.

Then, plaintiff could not be heard to complain if a failure to organize the proposed corporation resulted in his not receiving the $15 worth of stock, as the record shows that he was to be one of its organizers along with defendants. He could not at will unload the burden of organization and recover the $15 as cash owing him from defendants, if the jury should have found that he was to receive stock only, for the latter amount. There should have been an instruction on this issue. In not giving such an instruction, the

court kept from the jury important features of the defense.

The employment being admitted, as well as the salary of $65 a week, the issues to be determined were: Was the employment for six months or for three months only? Was the $65 to be paid in cash or was $50 thereof to be paid in cash and $15 in stock when the parties organized .the new company? These issues were fairly covered by the evidence introduced by each party, in harmony with the respective theories, but instruction No. 1, after setting out the petition *in extenso,* told the jury that defendants presented a general denial thereto, thus omitting all other defenses pleaded. The parties were entitled to have the issues presented by the pleadings and covered by the evidence, and the respective theories upon which the case was tried, covered by proper instructions. *Hanover Fire Ins. Co. v. Stoddard,* 52 Neb. 475; *Kyd v. Cook,* 56 Neb. 71; *Tavlinsky v. Ringling Bros. Circus, ante,* p. 632. This, we have seen, was not done.

Instruction No. 4, giving plaintiff's theory of the case, and not defendants', abruptly and without explanation, impliedly took from the jury all issues except that of a contract for six months, and by implication told them that all other issues were withdrawn.

Instruction No. 2, complained of in the motion for a new trial, and in the oral argument in this court, was challenged, in that it omitted to tell the jury that, if they found that plaintiff was employed for six months and was by defendants discharged before the expiration thereof, it was plaintiff's duty to reduce damages by seeking other employment with reasonable diligence, and, if he did not do so, he would not be entitled to recover for the time intervening between the time of his discharge and his attempt to obtain other employment. To this challenge it is sufficient to say that defendants did not meet the burden cast upon them to allege and prove that plaintiff had not diligently sought other employment. *Wirth v. Calhoun,* 64 Neb. 316; *Kring v. School District,* 105 Neb. 864. Therefore, they cannot be heard to complain of the instruction.

The alleged error based upon the court's refusal to admit exhibit 8 in evidence is without basis, as no proper foundation had been laid. The objection to the sufficiency of the evidence has merit. However, the verdict is not without evidence to support it.

The limitive instructions were so prejudicial to defendants as to deny them a fair trial, and the judgment of the district court should be, and is reversed and the cause remanded.

REVERSED.