DELMAR D. NORTON, APPELLEE, V. BANKERS FIRE INSUR-
ANCE COMPANY OF LINCOLN, APPELLANT.

FILED APRIL 12, 1927.   No. 24371.

1. Pleading: GENERAL DENIAL.  A general denial in an answer is
   not only modified by that which follows, but is thereby sup-
   planted to that extent.

2. Appeal: THEORY OF CASE.  The theory adopted at the trial as
   to the issues will be followed on appeal.

3. Trial: INSTRUCTIONS.  An instruction should not limit the con-
   sideration of the jury to certain facts enumerated therein, when
   there are other evidential facts bearing on the questions involved.

4. ———: ———.  It is error to include in an instruction an
   assumption of a material fact not· proved, and base a right
   of recovery thereon.

APPEAL from the district court for Lancaster county:
JEFFERSON H. BROADY, JUDGE.  *Reversed.*

*Hartigan & Fouts* and *Rolland F. Ireland,* for appellant.

*C. C. Flansburg, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON
and EBERLY, JJ.

THOMPSON, J.

In this case the plaintiff, appellee herein, seeks to recover
$10,200 for the wrongful conversion by defendant, appel-
lant, of one certain promissory note for such amount and of
such value, due and payable to the plaintiff, and secured by
a mortgage on Colorado land.  After the issues were duly
joined, trial was had to a jury, and a verdict returned
in· favor of the plaintiff, and· against the defendant,
for the full amount claimed.  Defendant appeals, and chal-
lenges such judgment for the following reasons: That the
court, erred in giving instructions Nos. 5, 6, 7, and 7½,
respectively; further, that the verdict is not supported by
the evidence and is contrary thereto.  The petition is in

usual form, and the answer thereto, so far as is necessary for our consideration, is as follows: "1st. That the petition does not state facts sufficient to constitute a cause of action against this defendant in favor of the plaintiff. 2d. That the defendant denies each and every allegation of the plaintiff's petition filed herein. 3d. That the defendant herein purchased the mortgage and notes set out in plaintiff's petition in the usual course of business, for a valuable consideration, and without notice of any claim of defects therein, and is now the owner and holder thereof, free and clear of the claims of any persons whomsoever."

The facts set forth in the petition were sufficient to resist such demurrer, whether interposed as an independent pleading or as contained in the answer. It will be noticed, further, that the answer fails to allege that the claimed purchase was had prior to the maturity of the note, and thus it does not state facts sufficient to bring it within section 4663, Comp. St. 1922, defining a holder thereof in due course. The general denial first interposed in the answer is not only modified by that which follows, but is thereby supplanted to that extent. *Carson v. Hunt,* 113 Neb. 727. The trial was had on the theory thus presented by the pleadings, and, having been so conducted in the trial court, will be so treated here.

Considering first the contention of appellant that the verdict is not supported by the evidence, and is contrary thereto: It is sufficient to say that we have carefully examined the record, and are convinced that there was sufficient evidence to warrant its submission to the jury.

As to the challenge of appellant to instruction No. 5: Without quoting or going into detail in reference to this lengthy instruction, it is sufficient to say that it limits the consideration of the jury to certain facts enumerated therein, and denies to the jury consideration of other facts and circumstances disclosed by the evidence bearing on the questions involved. It is the duty of the jury in arriving at its conclusion as to any particular fact to consider all of the evidence bearing thereon. Thus, we conclude that by

so limiting the jury's consideration reversible error was committed.

Instruction No. 6 is as follows:

"You are instructed that a purchaser in good faith should be one who has purchased with due regard for the rights of the maker, and not one who, relying wholly upon paying value for the note and purchasing before maturity, without knowledge of any defects, is indifferent as to whether or not the same was honestly obtained from the maker. Where the evidence tends to show indifference, the question of *bona fides* of the transaction is for your determination."

This instruction is a substantial quotation taken from our opinion in *Shawnee State Bank v. Lydick*, 109 Neb. 76, 84. The giving thereof was not reversible error, when considered in connection with other uncomplained of instructions given, together with the facts and circumstances disclosed at the trial.

Instructions Nos. 7 and 7½ are as follows:

"(7) If you find from the evidence and under the instructions of the court that said George W. Kline, I. S. Ferguson, and C. W. McCord were some of the organizers, promoters and incorporators of the Bankers Trust Company, and so represented to plaintiff, and that plaintiff delivered said note, mortgage and assignment to them in payment for stock in said Bankers Trust Company, said note and mortgage would not become the property of said Kline, McCord, and Ferguson, but if the transfer were valid, it would belong to said Bankers Trust Company, and said McCord, Ferguson, and Kline would merely be agents of said Bankers Trust Company, without authority to sell said note and mortgage, unless they were first duly authorized by said corporation so to do."

"(7½) You are further instructed that an agent to sell a note and mortgage would have no power to receive anything but money therefor; and that any one dealing with an agent is bound to know that, unless specifically authorized

by the board of directors of the corporation, he would have no authority to sell corporate assets."

As to instruction No. 7: It will be noticed, as contended by appellant in its brief, that "this instruction assumes that there was such a thing as the Bankers Trust Company. There is no evidence that it was ever organized or incorporated, or that any stock was ever issued to any one. In fact, it is affirmatively shown that no right existed to issue stock." As we find, it was but a camouflage used by Ferguson, McCord, and Kline in their efforts to defraud the plaintiff. The evidence further shows that Maxiner received the note direct·from Norton, however, through Ferguson, McCord, Kline, and one Schmutzer, the latter acting with Maixner in the procurement of the indorsement of such note and the assignment of the mortgage by Norton, and delivery of each thereof to Maixner. Notwithstanding this condition of the record, this instruction, in substance, directs the jury to find for the plaintiff, unless the defendant produces proof showing or tending to show that Ferguson, McCord, and Kline were agents of, and authorized by, a, nonexisting corporation. In other words, the instruction required of defendant an impossibility. This conclusion renders it unnecessary for us to consider instruction No. 7½.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.