NEBRASKA STATE BANK OF VALPARAISO, APPELLANT, V.
O. J. MAY ET AL., APPELLEES.

FILED JUNE 26, 1928. No. 26012.

*J. Lloyd McMaster* and *H. N. Mattley*, for appellant.

*George I. Craven, contra.*

Heard before ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

THOMPSON, J.

In this action the plaintiff, appellant, sought recovery on two promissory notes, signed by defendants, appellees, apparently as makers. The petition was in usual form. Default was entered as to defendant May, and defendant Haack interposed the defense that he was but a surety on the notes, and that by reason of certain stated obligations resting on the plaintiff, payee, by it uncomplied with (such as procuring to be filed in the proper counties certain chattel mortgages), he as such surety had been released. To this answer plaintiff interposed a general denial, followed by a plea of facts which, if found to be true, would amount to a waiver, if not a complete estoppel. Trial was had, verdict and judgment rendered in favor of plaintiff as against defendant May, and against the plaintiff as to

defendant Haack, to reverse which latter plaintiff appeals.

In substance, the claimed errors relied on for such reversal are: That the verdict of the jury is without evidence to support it, and is contrary to law; that the court erred in refusing to give the instructions tendered by the plaintiff, and erred in giving certain other instructions on its own motion; and the court further erred in refusing to grant a new trial on grounds of accident and surprise.

To quote a part of the evidence would serve no useful purpose, and to quote it in its entirety would be to unduly extend this opinion. However, it might be well to state that from it we find: That appellant is the successor of the Farmers State Bank of Agnew, Nebraska, and as such succeeded to its interest in the notes here involved, and hence the case stands, under the record, as if the action were one between the original parties to the instruments in question; and the case is governed by section 4669, Comp. St. 1922, which provides in part: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable." We further find: That the jury were warranted in concluding that Haack was but a surety on each and every of the notes disclosed by the record as having been given by May; that each and all of such notes, save the first, was a renewal note; that, at the time of the execution and delivery of the respective mortgages given to secure these notes, the property covered thereby was permitted to remain in the possession of the mortgagor; that plaintiff failed and neglected to procure these mortgages, or certified copies thereof, to be filed in the county in which the mortgagor resided, as provided by statute, and as under the facts alleged and proved it was its duty to do; and that by reason of such failures the property mortgaged passed into the hands of innocent purchasers for value, and was lost to Haack, to his damage in an amount equalling the face of the notes with interest added.

Section 2550, Comp. St. 1922, so far as material to this case, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor executing the same resides."

The case having been tried on the issues tendered by the pleadings, our determination here necessarily is so limited. *Norton v. Bankers Fire Ins. Co.*, 115 Neb. 490. This theory as to the issues is proved, not only by the pleadings, the evidence, and the instructions offered by plaintiff, but also by the instructions given. Thus the main issue was one of fact, rather than one of law. The evidence in many material instances, as between that of plaintiff and that of defendant, is acutely contradictory; hence, the jury's determination of such disputed facts is final. Further, it is a wholesome rule that, where one of two innocent persons must suffer a loss occasioned by the wrongful act of a third person, the one who made it possible for the third person to commit the wrongful act should bear such loss. By analogy this conclusion finds support in *Berkovitz v. Morton-Gregson Co.*, 112 Neb. 154, and cases therein cited.

Applying the law to the evidence, we are led to conclude: That the verdict of the jury is right, and should not be disturbed; that the instructions given correctly state the law applicable, and error was not committed in giving the same, or in refusing to give the instructions tendered by plaintiff; further, that the court did not err in denying a new trial on grounds of accident or surprise.

The judgment of the trial court is

AFFIRMED.