FRANK NOCITA, APPELLEE, V. ANTONIO GUILIANO ET AL., APPELLANTS.

FILED JANUARY 24, 1936. NO. 29479.

*Morgan, Sutton & Fromkin,* for appellants.

*Paul J. Garrotto, contra.*

Heard before Goss, C. J., Rose and Carter, JJ., and Redick and Kroger, District Judges.

Rose, J.

Frank Nocita, plaintiff, claimed that at the special instance and request of Antonio Guiliano and Rosa Guiliano, defendants, he lent to them for necessaries of life $35 on February 24, 1928, and $205 on March 20, 1928; that, in spite of many demands for repayment, no part of the loans has been repaid by them except $40 on July 14, 1931, and $100 on August 31, 1932. In the petition there was a prayer for judgment for the balance of the loans with legal interest.

In a joint answer by defendants, Antonio Guiliano denied he borrowed any money from plaintiff or paid him anything after March 20, 1928, and pleaded the lapse of four years between that date and the commencement of the action and the barring of plaintiff's claim by the statute of limitations. Rosa Guiliano pleaded coverture, and alleged that, if she agreed to pay plaintiff any money, she did not contract with reference to, or intend to bind, her separate estate, trade or business; had no property, trade or business March 20, 1928, nor since, with reference to which she could contract or bind herself. In addition to other defenses the answer contained a general denial. The reply to the answer was also a general denial.

Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $185. From a judgment therefor, defendants appealed.

Pending litigation Antonio Guiliano, defendant, died and the action was revived in the supreme court in the name of Sebastiano Basso, administrator of the estate of Antonio Guiliano, deceased.

Among many assignments of error, it is insisted on

appeal that the district court erred to the prejudice of defendants in failing to submit to the jury issues raised by the pleadings and evidence and material to the defense. In the first instruction to the jury the claim of plaintiff as pleaded in the petition was properly stated. The second instruction was as follows:

"Defendant Antonio Guiliano for answer denies all the allegations of the petition, and defendant Rosa Guiliano alleges that she is a married woman and that if she entered into an agreement whereby she agreed to pay any sums of money, that she did not intend to bind her separate property and alleges that she has no separate property, and denies liability."

The third instruction charged:

"The burden is upon the plaintiff to prove his case by a preponderance of the evidence. If you find that he has made such proof, then your verdict will be in favor of the plaintiff. If you find that he has failed to make such proof, then your verdict will be for the defendants."

The fourth instruction was in this form:

"You are instructed that this is a case in contract, wherein the plaintiff alleges that he loaned money to the defendants in February and March of 1928, and the case simmers down to a question of credibility of the witnesses. If you believe the testimony of the plaintiff and his wife, that the two defendants visited the home of the plaintiff and made arrangements for the loan of the money in question, then you are instructed that you would be justified in finding that the defendant, Rosa Guiliano, acted as the agent of the defendant Antonio Guiliano in procuring the money from the plaintiff through his wife. You are further instructed that if you believe the testimony of the plaintiff and his wife, your verdict will be in favor of the plaintiff in the sum of $185, which includes principal and interest. If you believe the testimony of defendants, then your verdict should be in favor of the defendants."

There was no further instruction on the issues. Defendant Antonio Guiliano specifically denied in his answer that

he borrowed any money from plaintiff or made any payment to him after March 20, 1928—the date of the last loan as alleged in the petition. It was alleged in the answer that the cause of action, if any, was barred by the statute of limitations. The facts to which Antonio Guiliano testified were the same as alleged in his answer to the petition. The instructions as a whole, therefore, omitted a vital issue or withdrew from the jury an issue material to the defense. Furthermore, the law on the defense of coverture was not stated to the jury, though the evidence on that issue was in conflict. It is familiar law that instructions which withdraw from the consideration of the jury material issues of fact presented by the pleadings and the evidence are erroneous. *Levy v. Cunningham*, 56 Neb. 348, 76 N. W. 882; *Hayden v. Frederickson*, 59 Neb. 141, 80 N. W. 494. For the prejudicial errors explained, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.