ROY W. BELVILLE, APPELLANT, V. GLENN W. BONDESSON, APPELLEE.

FILED MAY 8, 1936. No. 29604.

*Burbank & Burbank,* for appellant.

*Reed, Ramacciotti & Robinson, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

CLEMENTS, District Judge.

This action was brought by Roy W. Belville, plaintiff, against Glenn W. Bondesson, defendant, to recover damages which he says he sustained by being struck and injured by a car owned and driven by said defendant.

The plaintiff alleges the defendant was guilty of gross negligence in driving his car at the time of the accident, and that such negligence was the proximate cause of the

accident and plaintiff's injury. The defendant denies any negligence on his part, and alleges that any injury which the plaintiff sustained was the result of his own carelessness and negligence in failing to see, and walking into and upon, the defendant's automobile. The plaintiff denies the allegations of the defendant. The cause was tried to a jury. At the close of plaintiff's testimony, the defendant moved the court to dismiss the action "for the reason that on the testimony of the plaintiff it has been definitely established that the plaintiff was guilty of negligence more than slight." This motion was sustained and the cause dismissed. Motion for a new trial was filed and overruled. The case comes here on appeal.

While the defendant bases his right to a dismissal of the case, without its submission to a jury, solely on the question of the contributory negligence of the plaintiff, thereby impliedly admitting his own negligence, still it is necessary for us to examine his acts of negligence, as shown by the evidence, to determine whether the contributory negligence of the plaintiff was, as a matter of law, more than slight in comparison therewith.

The facts established by the plaintiff's evidence are as follows: On August 31, 1934, between the hours of 12:00 midnight and 1:00 a. m., the plaintiff, accompanied by a friend, was walking east on the north side of Capitol avenue in the city of Omaha. It was raining and the streets were wet. Arriving at the intersection of Sixteenth street with Capitol avenue, they paused momentarily; the plaintiff looked both to the left and right along Sixteenth street; he saw cars coming from both directions. At the north, two or three cars were about a half block away coming at a moderate speed toward Capitol avenue. He would have to cross the traffic lanes of these cars before reaching the center of Sixteenth street. In the other direction, he saw two cars south of Capitol avenue. He would not cross the traffic lanes of these cars, had they proceeded north, until after he reached the center of Sixteenth street. He started to cross Sixteenth street followed at a distance of

about three feet by his friend. They were walking very fast, kept within the white marks which defined the cross-walk, safely crossed the traffic lanes of the cars coming from the north, and reached the center of Sixteenth street when the plaintiff was struck and injured by the defendant's car. After looking to the south and noting the position of the cars coming from that direction, the plaintiff directed his attention to the cars whose traffic lanes he was crossing and to his footing, there being puddles of water on the crossing. However, he noticed that the two cars coming from the south turned east on Capitol avenue. Arriving at the center of the street, he looked to the south, presumably to see if it was safe to cross the traffic lanes of north-bound cars, and at that instant was struck by the defendant's car. The defendant's car was behind the two cars coming from the south, when these cars started to turn east on Capitol avenue. Defendant swung his car to the left and angled across the intersection to the middle of the street. No reason is shown why he could not have continued on the east side of the street. He was driving at about 35 or 40 miles an hour. He struck the plaintiff with the bumper of his car. The plaintiff was carried a distance of two car-lengths and thrown to the pavement.

The intersection of Capitol avenue and Sixteenth street is within the congested traffic district of the city of Omaha. At the time of this accident, there was in force in the city of Omaha an ordinance which provided: Section 16-A. "The driver of any vehicle shall yield the right of way to a pedestrian crossing the street within any marked cross-walk or within any unmarked cross-walk, at the end of a block." Also an ordinance providing: Section 40-A. "No person shall drive or operate a vehicle or street car upon a street at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road, nor at a rate of speed such as to endanger life or limb of any person, nor in any case at a rate of speed exceeding the limit set forth in section 40-B." Section 40-B. "Indicated speeds are as follows: 18 miles per hour."

On this statement of the record, the court, at the close of plaintiff's evidence, refused to permit the trial to proceed further and dismissed the action. In this, we think he erred.

Where there is evidence tending to prove both negligence and contributory negligence in an action to recover damages for causing an injury by wrongful act, the duty of making the comparison under the comparative negligence law is imposed upon the jury, unless the evidence of negligence is legally insufficient to sustain a verdict in favor of plaintiff, or unless the court finds, as a matter of law, that the negligence of plaintiff is more than slight, or that the defendant's negligence is not gross in comparison with that of plaintiff.

To drive an automobile at 35 or 40 miles an hour, on a dark, rainy night, over wet streets diagonally across an intersection, in the congested traffic district of the city of Omaha, and against a pedestrian, in the center of the street, between the white lines marking the cross-walk, and in violation of ordinances providing that pedestrians, under such circumstances, shall have the right of way, and that the maximum speed of automobiles in crossing such intersections shall not exceed 18 miles an hour, is gross, if not wilful, negligence, and upon such evidence a jury would be justified in so finding.

In examining the question of plaintiff's contributory negligence, it is necessary for us to formulate some idea as to what an ordinarily cautious and prudent man would do under like circumstances. We think he would act about as follows: On reaching the intersection, he would look both to his right and to his left. Seeing that no cars were coming from the right that would endanger him before reaching the center of the street and determining that he could safely cross in front of cars coming from his left, he would proceed, being watchful of the cars whose traffic lanes he was crossing. Arriving in the center of the street, he would devote the greater part of his attention to cars coming from the south whose traffic lanes he would cross in

reaching the other side of the street, being alert, however, at all times, to the possibility that a car might appear where normally it would not be expected. This is about what the evidence shows the plaintiff did. It is possible that he should have seen the defendant's car before he reached the center of the street, but it must be remembered that not more than five seconds elapsed after he left the curb until he was struck. During this time he watched and avoided the cars coming from his left, watched his footing, and saw the two cars turn east on Capitol avenue. It is probable that the turning on Capitol avenue of the only two cars he saw coming from the south caused him to be less watchful for cars from that direction than he otherwise would have been. If this was evidence of negligence, it was not such evidence as would warrant the court in finding; as a matter of law, it was more than slight in comparison with the gross negligence of the plaintiff.

Complaint is made that a declaration of the defendant relating to the striking of the plaintiff was illegally excluded on the trial. The witness, Henry A. Fehrenz, was asked: "Did you hear Bondesson say anything with reference to the injury that Belville had received? A. Yes, sir; I did. Q. What did you hear him say? Objected to as immaterial. * * * The Court: I will sustain the objection. * * * Q. You may state what, if anything, you heard Mr. Bondesson say at that time and place. Objected to as incompetent, irrelevant and immaterial. The Court: It is open to the same objection that the court ruled on before, Mr. Burbank. Mr. Burbank: I offer to show that the answer of the witness would be that Bondesson said he was surprised that he wasn't hurt worse by reason of his having hit him going as fast as he was. * * * Defendant objects * * * as incompetent, irrelevant and immaterial. The Court: Sustained." The testimony sought to be elicited by these questions was no doubt competent and material, but the questions do not clearly so indicate, and the offer made is so unfortunate in the use of pronouns that it is doubtful if the jury could have known just what meaning was sought to be conveyed.

As there must be a retrial, and as no doubt the questions, if asked again, will be more carefully framed, we do not think it necessary to consider this matter further.

For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.