EMMA M. RING, APPELLANT, V. GRANT DUEY, APPELLEE.

76 N. W. 2d 433

Filed April 13, 1956. No. 33917.

*Robert B. Waring* and *W. O. Baldwin,* for appellant.

*John E. Dougherty,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Wenke, J.

Emma M. Ring commenced this action in the district court for Thayer County against Grant Duey. The action was brought for the purpose of recovering damages resulting from injuries plaintiff sustained when struck by an automobile owned and being driven by the defendant. A jury returned a verdict for the defendant. The trial court thereupon dismissed plaintiff's action. Plaintiff then filed a motion for new trial and this appeal was taken from the overruling thereof.

The accident in which appellant was injured happened about 8:40 p. m. on Tuesday, October 28, 1952, on Lincoln Avenue in the city of Hebron, Thayer County, Nebraska. Lincoln Avenue is the main street of Hebron. It runs east and west, being the city route for U. S. Highway No. 81. It has a paved surface from curb to curb of 60 feet. The accident happened about

the middle of the block between Third and Fourth Streets, the latter streets running north and south. It resulted when a 1937 Chevrolet coupé, owned and being driven by appellee, ran into appellant. Appellant was seriously, painfully, and permanently injured as a result of being hit. At the time of the accident appellant was crossing from the north to the south side of Lincoln Avenue and appellee was driving his car thereon from the east toward the west.

Appellant pleaded that she "* * * was walking across Lincoln Avenue from the North to the South on a cross-walk halfway between Third Street and Fourth Street in the City of Hebron, Thayer County, Nebraska; that said cross-walk ran from the alley between the Beran Motor Company and the Standard Market on the North side of said street to the alley between Nacke's Hardware and the Penney Store on the South side of the street, and was clearly marked off for pedestrian traffic with white lines about seven feet apart; * * *."

In support of this allegation appellant either adduced evidence or offered proof of the fact that at the point where she was endeavoring to cross Lincoln Avenue from north to south, which was at a point midway between Third and Fourth Streets, the area in which she was walking had been marked as a cross walk with two painted white lines some 6 to 8 inches wide and about 7 feet apart; that these lines ran north and south; that they extended completely across the street, there being a 10-foot alley at this point running north and south through the blocks immediately north and south of Lincoln Avenue; that these lines had been there for many years; that the chief of police had placed them there at the direction of the mayor and city council; and that the public had used it as a cross walk.

Objections to this evidence, and the offer thereof, were sustained, the trial court instructing the jury there was no evidence introduced by appellant to show

there was a cross walk at the place where she attempted to cross Lincoln Avenue and that therefore appellee had the right-of-way. The court's ruling in this regard was based on the fact that it considered the foundation upon which such proof must necessarily rest to be either a resolution or ordinance of the city of Hebron establishing a cross walk at this point. No evidence was introduced or offered to that effect. Appellant tendered instructions, which were refused by the trial court, submitting the question as one of fact to the jury. Appellant's counsel was not permitted to argue the effect of this evidence to the jury insofar as it might be said to establish a cross walk.

Three questions arise by reason of the contentions made on appeal: First, did appellant, in the absence of a resolution or ordinance of the city of Hebron establishing a cross walk at this point, offer any competent evidence *sufficient to establish, as a matter of fact, a* cross walk at the point she crossed Lincoln Avenue and therefore give her the right-of-way? Second, if so, did the trial court err in refusing to receive this evidence and in not submitting to the jury the question of whether or not there was a cross walk and the appellant's corresponding rights if there was? Third, did the error, if committed, result in prejudicing appellant's rights to the extent that it can be said she did not have a fair trial?

Section 39-751, R. R. S. 1943, provides in part: "The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway *within any clearly marked crosswalk* or any regular pedestrian crossing included in the prolongation of the lateral boundary line of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right

of way to vehicles upon the highway." (Italics ours.)

"A municipality has no authority to enact or enforce any rule or regulation contrary to the provisions of section 39-751, R. S. 1943." Gorman v. Dalgas, 151 Neb. 1, 36 N. W. 2d 561.

Under the foregoing statute a cross walk may be placed at any point on a highway within the business or residence district of any city or village if clearly marked as such. The statute recognizes the right of any city or village to do so. It can be done either by ordinance or resolution. See, Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614; 60 C. J. S., Motor Vehicles, § 35, p. 158. However, the statute does not so require. For the purpose of making the provisions of this statute reasonably applicable to the traveling public, we think the members thereof are entitled to assume that any markings which they find in the business or residential district of any city or village on a highway have been properly placed there by the authorities thereof. To hold otherwise would make such markings of little or no value and lead to confusion. We think the trial court erred in sustaining objections to the evidence offered in this regard and in refusing to submit the question of whether or not there was a cross walk as one of fact to the jury.

As stated in Nocita v. Guiliano, 130 Neb. 241, 264 N. W. 672: "Instructions which withdraw from the consideration of the jury material issues of fact presented by the pleadings and the evidence are erroneous." See, also, Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265.

Appellee contends there was no evidence offered that the accident occurred within the business or residential district of the city of Hebron as defined by section 39-741, R. R. S. 1943. The definitions therein contained are as follows: "(10) 'Business district' is the territory contiguous to a highway when fifty percent or more of the frontage thereon for a distance of three hundred feet or more is occupied by buildings in use for business.

(11) 'Residence district' is the territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of three hundred feet or more is mainly occupied by dwellings and buildings in use for business." We find this contention to be without merit.

Did the failure to submit this issue prevent the appellant from having a fair trial, considering the theory upon which she sought to recover? As the basis for her right to recover appellant alleged in her amended petition that: "* * * after she had reached the center of said street and was on the South half thereof, the defendant negligently and carelessly and without due regard for the safety of plaintiff and others upon said street violently drove a 1937 Chevrolet automobile, belonging to defendant and operated by him, into, against, and over the body of said plaintiff violently throwing her to the pavement of said street and causing the injuries hereinafter set out."

Appellant, who was 75 years of age at the time of the accident, testified she was familiar with the street, having crossed it since a little girl; that she first saw the car coming from the east after she had reached the center of the street and was on the south side thereof going south; that the car struck her when she was south of the center of the street; and that it knocked her down on the pavement, causing the injuries complained of. The trial court submitted to the jury the issue raised by the foregoing pleading and appellant's evidence offered in support thereof, that is, that she was run down and struck by appellee's car on the south side of the center line of Lincoln Avenue.

It was the appellee's theory that appellant was guilty of contributory negligence sufficient to defeat her right to recover by suddenly coming out from between two cars parked along the north side of Lincoln Avenue just west of the alley and into the path of his automobile. He offered competent evidence in support there-

of and the court also submitted that issue to the jury. The trial court submitted the case on both appellant's and appellee's theories.

We have said: "The trial was had on the theory thus presented by the pleadings, and, having been so conducted in the trial court, will be so treated here." Norton v. Bankers Fire Ins. Co., 115 Neb. 490, 213 N. W. 515. See, also, Nebraska State Bank v. May, 117 Neb. 262, 220 N. W. 276.

"Instructions are to be considered together, to the end that they may be properly understood, and, if as a whole they fairly state the law applicable to the evidence when so construed, error cannot be predicated on the giving thereof." Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293.

The trial court instructed the jury to the effect that the statute provides vehicles shall be driven on the right half of a highway; that the driver of such vehicle must keep a lookout ahead in the direction of his travel or from which others may be expected to approach and take notice of and observe what is ahead of him for a reasonable distance; that the rights of a pedestrian to the lawful use of the streets in a city are in all respects equal to that of a person driving an automobile and that each is obliged to act with due care in regard to the movements of the other; and that a pedestrian is not guilty of contributory negligence for failure to look for an automobile approaching on the wrong side of the street.

We find the trial court fully and fairly presented to the jury the appellant's theory of her case as presented by her amended petition and the evidence she offered in support thereof. If the jury found the accident happened where she testified it did then she was as fully protected in her rights by the court's instructions as if the jury had found she was on a cross walk and had the right-of-way which the trial court properly defined as "the privilege of the immediate use of the street or

highway," and, under the instructions given, the jury would have been required to render a verdict in her favor.

On the other hand, if the jury found the accident happened as appellee and his witnesses testified it did, that is, by appellant, without looking, suddenly stepping out from between two parked cars and into the lane of travel for appellee's car then, under the instructions, appellant could not recover. This is proper for we said in Troup v. Porter, 126 Neb. 93, 252 N. W. 611: "It seems the evidence fairly establishes as a matter of law that the decedent herein in stepping from between two parked automobiles directly in front of the defendant's car without looking is more than slight negligence in comparison with the negligence of the defendant * * *."

Let us assume for the sake of discussion, although there is no evidence to that effect, that appellant was struck while still north of the center line of Lincoln Avenue but while in the lane of a cross walk. In such situation she would have the right-of-way over appellant's car; so let us say he was guilty of negligence in striking her, that is, let us say the jury could find appellee and his witnesses were wrong as to where appellant was crossing the street.

The instructions define negligence as "the doing of some act under the circumstances surrounding the accident involved, which a man of ordinary prudence would not have done, or the failure to do some act or to take some precaution which a man of ordinary prudence would have done or taken."

In Belville v. Bondesson, 130 Neb. 926, 266 N. W. 901, we set forth what an ordinarily prudent man would do when crossing an intersection. Therein we said: "In examining the question of plaintiff's contributory negligence, it is necessary for us to formulate some idea as to what an ordinarily cautious and prudent man would do under like circumstances. We think he would act

about as follows: On reaching the intersection, he would look both to his right and to his left. Seeing that no cars were coming from the right that would endanger him before reaching the center of the street and determining that he could safely cross in front of cars coming from his left, he would proceed, being watchful of the cars whose traffic lanes he was crossing. Arriving in the center of the street, he would devote the greater part of his attention to cars coming from the south whose traffic lanes he would cross in reaching the other side of the street, being alert, however, at all times, to the possibility that a car might appear where normally it would not be expected." See, also, Halliday v. Raymond, *supra.* We think the foregoing has application here.

Appellant testified she looked both east and west before stepping off the curb and starting across the street on the marked cross walk but saw no cars approaching; that she then proceeded south in the area of the cross walk until she cleared the cars to the east parked diagonally along the north side of Lincoln Avenue when she again looked to the east but saw no cars coming; and that she proceeded on south to cross the street, watching all the way.

The evidence is without dispute that appellee approached the point of the accident from the east on Lincoln Avenue; that he was stopped at the intersection of Lincoln Avenue and Fourth Street by a traffic signal; that when he received a "go" signal he proceeded west in low but shifted to second and, at the time of the accident, was traveling between 10 and 15 miles an hour; that his headlights were on dim; that appellant was familiar with the street and the traffic thereon; that the street was well lighted by street lights and storefront lights which made any objects thereon, such as cars, clearly visible; that appellant would only have been some 10 to 15 feet from appellee's car when she stepped into the lane of its travel; and that appellee im-

mediately applied his brakes and stopped his car within a few feet after the impact, his car only traveling about 12 feet after appellant stepped in front of it and before it hit her.

Under this situation, if appellant had looked, she would necessarily have had to see appellee's car as there was nothing to obstruct her vision. As stated in Schweidler v. Caruso, 269 Wis. 438, 69 N. W. 2d 611: "* * * when one looks and does not see what is in plain sight, he is in the same situation as one who does not look." If she had looked and seen the car which, under the circumstances she was bound to do, then the following has application: "When one, being in a place of safety, sees or could have seen the approach of a moving vehicle in close proximity to him and suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery." Cuevas v. Yellow Cab & Baggage Co., 141 Neb. 662, 4 N. W. 2d 790. See, also, Gade v. Carlson, 154 Neb. 710, 48 N. W. 2d 727.

While we find the court was in error with reference to its ruling on the admission of evidence offered to prove appellant was crossing Lincoln Avenue on a cross walk and in failing to submit that issue as one of fact to the jury we do not think, in view of what we have said, that it prejudiced her rights and prevented her from having a fair trial on the cause of action she pleaded and presented. We therefore affirm the judgment of the trial court refusing appellant a new trial.

AFFIRMED.