TOMMY E. PLAMBECK, APPELLANT, V. UNION PACIFIC RAILROAD COMPANY, APPELLEE.

441 N.W.2d 614

Filed June 23, 1989.   No. 87-579.

Edward F. Fogarty, of Fogarty, Lund & Gross, for appellant.

John H. Cotton, of Gaines, Mullen, Pansing, Hogan & Cotton, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and COADY, D.J.

COADY, D.J.

On July 13, 1979, the appellant, Tommy E. Plambeck, suffered a back injury while employed by the appellee, Union Pacific Railroad Company, and while working on its premises. Over the next $7^1/_2$ years, appellant continued to be employed by appellee, but was absent from work frequently because of his injury. Appellant suffered and received almost all the known methods of treatment for back problems and pain, including chymopapian injection, spinal fusion, and attendance at the Pain Clinic.

In 1986, the appellee decided that it had to reduce the number of its employees, and a buy-out policy was instituted. It first offered to pay employees a certain sum to quit voluntarily, and many did. The appellant did not, and there were not enough volunteers in appellant's department to satisfy the plan. Appellant was separated under the involuntary provisions of the buy-out policy in December.

The appellant filed a negligence action pursuant to the terms of the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. (1982) (FELA). The appellee answered by claiming that the appellant was also negligent. The case was tried to a jury, which decided in favor of the appellant in the sum of $9,100.37. On appeal, we affirm the trial court.

Under the FELA, contributory negligence on the part of the appellant is not a complete bar to recovery and may only be used to diminish the amount of damages. See, 45 U.S.C. § 53;

*Auer v. Burlington Northern RR. Co.*, 229 Neb. 504, 428 N.W.2d 152 (1988). The jury completed a form of special verdict which found that the appellee was negligent, that the appellant was also negligent, that $91,003.66 was a sum of money that would reasonably compensate the appellant for his injuries without any consideration about which party might or might not have been negligent, that 10 percent of the injuries were attributable to the appellee, and that 90 percent were attributable to the appellant.

On the day of the accident, appellant, a photographer in the railroad's public relations and advertising department, was ordered to take pictures of a coal car to document any severe wear or damage. He went to the railroad's shops with James Durand of the mechanical department, who was to determine what should be studied and photographed.

In the shop, the two, along with a shop carman, approached the top of the coal car to be studied by the way and use of a catwalk from which the carman lowered a ladder into a 6- by 9-foot platform inside the car. The side of the car above the platform was approximately 9 feet high. The ladder had "rubber-type feet" and extended above the top of the coal car. Appellant held the ladder while Durand went down. At the bottom, Durand held the ladder for appellant's descent. The carman went back to his regular duties.

Because the accident happened in 1979 and the trial was had in 1987, perhaps what happened in the car and what the two witnesses remember is not clear. Someone moved the ladder from the sidewall to the end of the car. The height of the end wall was the same as the sidewall, and the ladder's end was in the open air.

The appellant testified that he went up a rung or two on the ladder and took one picture, perhaps more. He then climbed higher, to a point where his body above his midthigh extended beyond the top of the car. With about 30 pounds of photo equipment strapped on his body and in hand, he turned around and looked through the camera, "composing the picture." He had done exactly the same thing once before while working in another car. He had seen Durand holding the ladder or had assumed that Durand was holding it. He did not remember

telling or asking Durand to hold it. The ladder slipped.

Durand testified that he remembered very little. He recalls standing on the inside platform with his back to the ladder and looking down the length of the car. The bottom of the ladder slid by him from its position behind him, and appellant fell on the ladder.

In his brief, the appellant discusses five areas of alleged error, contending that the trial court erred (1) in submitting the issue of contributory negligence for the consideration of the jury; (2) in both submitting and refusing to submit certain allegations of negligence and contributory negligence whether requested or not; (3) in refusing to give a requested instruction which is related to the doctrine known as assumption of risk; (4) in not granting a new trial because of surprising evidence; and (5) in not granting a new trial because the verdict was bad and based on passion, prejudice, or mistake. This opinion will discuss the case in that order.

In the first assignment of error, the appellant maintains that there was no evidence of negligent conduct by appellant and that the court should have directed a verdict for him on the issue of liability. Because a researching reader will want to read the cases for himself and a casual reader will desire an opinion rather than the writer's brief, an attempt is made in the next paragraph to distinguish each of appellant's cited cases by stating the facts in a single sentence.

A worker using a machine with a known defect was not contributorily negligent merely because he used it, but a jury could find him to be negligent in regard to the manner and way in which he used the machine. *Birchem v. Burlington Northern R. Co.*, 812 F.2d 1047 (8th Cir. 1987). A brakeman stepping off a moving train in the manner taught and approved by the railroad, when it would be impractical for him to wait for the locomotive to stop, is not contributorily negligent even though the brakeman knew that the presence of taconite pellets on the platform might be dangerous. *Borough v. Duluth, Missabe & Iron Range Ry. Co.*, 762 F.2d 66 (8th Cir. 1985). A worker assisting a work gang to pick up a heavy object is simply doing a job and is not negligent even though it was known that a back injury could occur. *Wilson v. Burlington Northern, Inc.*, 670

F.2d 780 (8th Cir. 1982). It is not negligent for a workman to trust a superior's representations, and it is not negligent to fail to see a track signal if a worker could not get in a position to see it. *Knierim v. Erie Lackawanna Railroad Company*, 424 F.2d 745 (2d Cir. 1970). *Greenstein v. Seaboard Coast Line R. Co.*, 471 So. 2d 1318 (Fla. App. 1985), is an example where a jury verdict was contrary to the manifest weight of the evidence, but the facts therein do not match the facts in this case.

The record indicates that the ultimate allegation of contributory negligence claimed by appellee was that the appellant failed to ensure that the ladder that he climbed and worked upon was stable under the circumstances then and there existing. Neither counsel nor the writer has discovered any cases wherein it is stated that a worker is contributorily negligent if he knowingly climbs an unstabilized ladder. However, the appellant did put into evidence the following Union Pacific Railroad rules and instructions applicable at the time of the accident:

**M.** Employes must exercise care to prevent injury to themselves or others.

. . . .

**707.** Railroad premises must be kept in a clean, orderly and safe condition.

. . . .

**4001.** Employes must take every precaution to prevent injury to themselves and other persons under conditions not provided for by these rules.

Employes must not rely upon the carefulness of others, but must protect themselves when their own safety is affected.

. . . .

**4008.** When working in groups, employees must have an understanding of all moves to be made.

. . . .

**4016.** In using a ladder not equipped with feet, or one not securely blocked, ladder must be held or otherwise secured.

An employee's failure to obey safety rules may be considered by the jury in assessing contributory negligence. *Auer v.*

*Burlington Northern RR. Co.*, 229 Neb. 504, 428 N.W.2d 152 (1988), citing *Flanigan v. Burlington Northern Inc.*, 632 F.2d 880 (8th Cir. 1980). The burden of proving contributory negligence is on the appellee. In considering whether the evidence in a civil case is sufficient to sustain findings necessary for a verdict, this court will not reweigh the evidence, but considers the verdict in a light most favorable to the successful party and resolves evidential conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Auer v. Burlington Northern RR. Co., supra.*

We could not find anything in the evidence that required the jury to consider Durand to be the appellant's supervisor. The jury may have believed that taking the first picture on the first, second, or third rung of the ladder was not very dangerous with or without Durand holding it. Their practical experience may have led them to accept that the climb shifted some of the appellant's weight from the ladder's feet to the side of the coal car, causing a dangerous situation and the need for a stabilized ladder. They may have accepted that appellant went up the ladder while Durand was studying the car, facing away and unaware. We find that there was sufficient evidence for the jury's decision.

The second area of appellant's dissatisfaction with the trial concerns the instructions given and the setting forth of the parties' allegations of both negligence and contributory negligence. In regard to criticism of the instruction about the ultimate allegations of appellant's contributory negligence, the next three paragraphs will explain why any defect is found to be harmless. In addition, it must be pointed out that the instruction is the same as the one requested by appellant's proposed instruction No. 6.

At the end of the trial, during the instruction conference, the court's instruction No. 2 was discussed and modified to suit counsel. The instruction read to the jury stated that the Union Pacific Railroad could be found to be negligent: "1. In failing to hold and steady the ladder . . . 2. In failing to furnish the plaintiff with a reasonably safe place to work; and 3. In failing to furnish the plaintiff with reasonably safe equipment . . . ."

Before discussing that instruction with the trial judge, appellant had filed 28 written requested instructions. Included in the requested instruction No. 5 was a request that the trial judge instruct that the railroad could be found negligent because it failed: "(b) . . . to have available persons . . . to hold and steady the ladder . . . . (c) . . . to provide a reasonably safe workplace by cleaning the coal dust and pebbles which coated the deck . . . . (e) . . . to provide a ladder with a hooked top."

Appellant's complaint is expressed in *Krepcik v. Interstate Transit Lines*, 154 Neb. 671, 48 N.W.2d 839 (1951), wherein we said that where specific charges are pleaded and supported by proof, the instructions should submit those specific charges to the jury, and to fail to do so, whether or not requested to do so, is error. We accept that rule, but point out that it has been held that any jury instruction is subject to the harmless error rule, which requires a reversal only if error adversely affects the substantial rights of the complaining party. Appellant has the burden of establishing the prejudicial effect. *Meyers v. Union Pacific R. Co.*, 738 F.2d 328 (8th Cir. 1984). See, also, *Ring v. Duey*, 162 Neb. 423, 76 N.W.2d 433 (1956).

Neither the transcript nor the bill of exceptions discloses that a pretrial conference was had to discuss and determine ultimate allegations of negligence. The reader, trial lawyers, and judges would benefit by rereading former Chief Justice White's article, *Some Approaches To The Instructional Problem*, 40 Neb. L. Rev. 389 (1961). This writer supposes, without the court so holding, that there is only one ultimate act of railroad negligence raised by the facts in this case. The railroad failed to provide a stable ladder for its employee to use in this particular situation and place.

There are many ways that the ladder might have been stabilized. The carman might have been called to climb into the car and to hold the ladder. The ladder might have been fastened to the side of the car by hooks or other mechanical devices. Durand surely could have held it. Appellant had the right to call the jury's attention to all these things during the trial and in argument. His brief suggests that he did so. The jury found the railroad to be negligent, and appellant has failed to convince us that his ability and opportunity to argue was not sufficient to

overcome the weakness of the court's instruction.

Appellant's third attack upon the trial record is critical of the trial court's refusal to give his requested instruction No. 16: "You may not find contributory negligence on the part of the [appellant], however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place, or under unsafe conditions."

Whether one classifies such an instruction as one stating the doctrine of assumption of risk or not, we have not found much evidence in the record that appellant was directed or requested by Durand, or any railroad employee, to work at a dangerous job or in a dangerous place. This is not a place similar to a situation where one must work in a dusty shop and risk getting lung disease. See *Koshorek v. Pennsylvania Railroad Company*, 318 F.2d 364 (3d Cir. 1963), cited by appellant. There is no direct evidence that anyone told appellant to get on the ladder. The evidence suggests that the persons involved failed to do the obvious and did not expect to participate in any dangerous act.

The trial court instructed on the definitions of negligence, contributory negligence, and ordinary care in great detail. Under the FELA, where assumption of risk is not made an issue by the pleadings or the evidence, such an instruction should not be given. *Auer v. Burlington Northern RR. Co.*, 229 Neb. 504, 428 N.W.2d 152 (1988). We do not choose to reverse our decision.

In his fourth assignment of error, the appellant contends that he was surprised at trial by the testimony of his own doctor. It is sufficient to say that the doctor testified from his medical notes about appellant's history and that the notes were available to the appellant, even if copies were not, in fact, in counsel's possession. We should add that no request for a continuance was made, and a motion for a new trial on the ground of surprise is properly overruled where a request for that reason was not made at the trial. *Kehm v. Dumpert*, 183 Neb. 568, 162 N.W.2d 520 (1968).

Finally, the appellant argues that the jury ignored the evidence and made a bad decision or reached a verdict based on

passion, prejudice, or mistake. Accepting this decision is hard for the appellant and other workers in American industry. But in comparative negligence cases, and a FELA action in such a case, the issue of the percentage of negligence is for the jury's determination, and its finding thereon is not to be disturbed in absence of a clear showing of passion, prejudice, or unconscionability. *Cruz v. Union Pacific R. Co.*, 707 P.2d 360 (Colo. App. 1985). We find no such evidence.

AFFIRMED.