ROGER BUNNELL, APPELLANT AND CROSS–APPELLEE, V. BURLINGTON NORTHERN RAILROAD COMPANY, A DELAWARE CORPORATION, APPELLEE AND CROSS–APPELLANT.

530 N.W.2d 230

Filed April 7, 1995. No. S–93–462.

Robert G. Pahlke, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellant.

Thomas L. Beam, Terry C. Dougherty, and Andrew S. Pollock, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

Roger Bunnell brought an action in the district court under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1988), against Burlington Northern Railroad Company (Burlington) seeking damages for bilateral carpal tunnel syndrome allegedly suffered as a result of Bunnell's employment at Burlington's Alliance, Nebraska, facility. The jury returned a special verdict in favor of Burlington, and Bunnell appeals. Burlington cross-appeals the court's denial of costs for deposition expenses incurred by Burlington.

Bunnell was employed as a machinist for Burlington for 14 years prior to his injuries. Bunnell performed services on the locomotives in the diesel pit area of Burlington's Alliance facility. Bunnell alleged in his petition that he suffers from bilateral carpal tunnel syndrome as a result of the strain-inducing repetitive tasks he performed during the course of his employment at Burlington. After a 12-day trial, the jury returned a verdict for Burlington. Burlington filed a motion for costs after the verdict was rendered. The trial court allowed costs in the amount of $81.50 for witness fees and for service of subpoenas, but denied deposition costs.

The essence of Bunnell's assignments of error is that the district court erred in giving the jury a contributory negligence instruction because Burlington failed to introduce any evidence that Bunnell was contributorily negligent. Burlington argues that the jury never reached the issue of contributory negligence, since the jury used a special verdict form. The special verdict form required the jury to first decide if Burlington's negligence proximately caused Bunnell's injuries and, if so, then and only then required the jury to determine if Bunnell was contributorily negligent in any manner so as to reduce his recovery proportionately. The jury returned a verdict for Burlington on that issue and thus never reached the issue of whether Bunnell was contributorily negligent. Burlington submits that the error, if any, was harmless.

Bunnell relies on *Wilson v. Burlington Northern, Inc.*, 670 F.2d 780 (8th Cir. 1982), *cert. denied* 457 U.S. 1120, 102 S. Ct. 2934, 73 L. Ed. 2d 1333. The *Wilson* court commented on *Rogers v. Southern Pacific Co.*, 172 Cal. App. 2d 493, 342 P.2d

258 (1959), which held that since the Federal Employers' Liability Act uses a pure comparative negligence scheme and the jury found for the defendant, any error regarding a contributory negligence instruction was harmless. *Wilson, supra.* However, the *Wilson* court stated:

> There is some logic to the rule propounded by the *Rogers* court. This rule, however, ignores the practical realities that accompany the use of juries and *general verdicts.* . . . [T]here is a risk that the jury may fail to understand the statutory comparative negligence scheme. And when, as here, *a general verdict is used,* a court cannot ascertain whether or not the jury correctly applied the applicable law in deciding to award no damages.

(Emphasis supplied.) *Id.* at 784. The *Wilson* court held that the district court committed reversible error by submitting an unjustified contributory negligence instruction to the jury because of the risk of confusing the jury.

*Wilson* is distinguishable from the case now before us because the jury in *Wilson* used a general verdict form, and the jury in Bunnell's case used a special verdict form, which separates the issue of the defendant's negligence from the issue of the plaintiff's contributory negligence. The harm of jury confusion that a general verdict can cause is not present in Bunnell's case because, by virtue of the special verdict form, the jury never reaches the contributory negligence issue. Assuming, without deciding, that the contributory negligence instruction was erroneously given, the error was harmless in this case, since the jury never reached the issue of contributory negligence.

Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Plambeck v. Union Pacific RR. Co.*, 232 Neb. 590, 441 N.W.2d 614 (1989).

Bunnell also alleges that the district court erred in making rulings on evidence in a way that showed the judge's prejudgment of the issues. We have reviewed the bill of exceptions and have not found Bunnell's allegations to be supported by the record. It is the burden of the complaining

party to establish that judicial prejudice has occurred. See, *State v. Joubert*, 235 Neb. 230, 455 N.W.2d 117 (1990), *cert. denied* 499 U.S. 931, 111 S. Ct. 1338, 113 L. Ed. 2d 269 (1991); *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653 (1989). Having found no evidence that the trial judge acted improperly so as to prejudice Bunnell, we find that Bunnell's assignment of error regarding judicial misconduct is also without merit.

Burlington cross–appeals to recover deposition costs. Neb. Rev. Stat. § 25–1710 (Reissue 1989) provides that costs shall be allowed as a matter of course to a defendant upon judgment in the defendant's favor in actions mentioned in Neb. Rev. Stat. § 25–1708 (Reissue 1989), which are actions for the recovery of money. As no reason appears why the general rule should not be followed, the costs of the deposition will be taxed to the appellant. See *Tobas v. Mutual Building and Loan Association*, 147 Neb. 676, 24 N.W.2d 870 (1946).

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.