**F. Ruth DAVIS, Trustee for the heirs of Eldon W. Davis, Decedent, Appellant,**

v.

**Gale O. OBERHOLTZER and Big Stone Cheese Factory, a South Dakota Corporation, Appellees.**

No. 78–1088.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1978.

Decided Nov. 29, 1978.

Kent Charpentier of Jardine, Logan & O'Brien, St. Paul, Minn. (argued), and Ger-

ald M. Linnihan, St. Paul, Minn., on brief, for appellant.

Duane E. Arndt of Van Eps & Gilmore, Minneapolis, Minn., argued and on brief, for appellees. Duane E. Arndt, Minneapolis, Minn., also filed brief.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

This diversity action arising out of a motor vehicle collision on July 24, 1973, was brought by F. Ruth Davis as trustee for the heirs of Eldon W. Davis. Plaintiff appeals from the district court's [1] judgment entered on a jury verdict in favor of defendants, Gale O. Oberholtzer and the Big Stone Cheese Factory. We affirm.

The accident occurred shortly after midnight on Highway 212, just west of the Crystal Lite Truck Stop near Norwood, Minnesota. In this area, Highway 212 is a straight four-lane divided highway running east to west with two lanes in each direction divided by a median. A township road running north to south along the western border of the Crystal Lite Truck Stop parking lot intersects westbound Highway 212. The truck stop parking lot has two exits, one onto the township road and the other, farther east, entering directly onto Highway 212.

Defendant Gale Oberholtzer,[2] driving a milk tanker, proceeded through the truck stop parking lot, west onto the township road and from there to a stop sign at the township road's intersection with Highway 212. He made a complete stop and looked east for oncoming traffic on the highway.

At this time, Eldon Davis was driving a semi-tractor grain trailer approximately 50 miles per hour in the right-hand westbound lane of Highway 212. As Davis approached the eastern entrance to the truck stop on Highway 212, Oberholtzer entered the highway from the township road. Oberholtzer had moved into Davis' lane and had accelerated to approximately 15 to 20 miles per hour when Davis' vehicle struck his truck from the rear.[3] Davis was killed as a result of the collision.

A witness, Ronald Goodrich, driving a grain trailer approximately 60 to 65 miles per hour five truck lengths behind Davis, saw the Oberholtzer truck turn onto Highway 212. Goodrich applied his brakes and looked in his rearview mirror to determine whether the left-hand westbound lane was clear. He then moved into that lane. While Goodrich was checking his rearview mirror, the collision between the two vehicles in front of him occurred, so that he did not see their actual impact. Goodrich came to a complete stop and avoided colliding with the other trucks.

The parties charged each other with negligence proximately causing the accident. The case was submitted to the jury on two special forms of verdict framed by the court. The first form [4] permitted a verdict in favor of the defendants, and the second [5]

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

2. Defendant Oberholtzer was driving in the course of his employment for codefendant, the Big Stone Cheese Factory, owner of the tanker.

3. Officer Wesley Greve subsequently took measurements at the accident scene. He observed skid marks on the pavement of Highway 212, 128 feet, 3 inches and 131 feet, 9 inches from the west edge of the township road. These marks had been made by the left rear wheels and front axle of the Davis tractor and semi. At 166 feet, 4 inches from the west edge of the township road, Officer Greve found a deep gouge indicating the point where the left rear wheels of the Davis truck left the pave-

ment heading to the ditch. Therefore, the actual point of impact between the vehicles occurred between 131 to 166 feet west of the township road and Highway 212 intersection.

4. VERDICT FORM NO. 1

We, the Jury, duly empaneled and sworn to try the above entitled action, find for the Defendants Gail [sic] O. Oberholtzer and Big Stone Cheese Factory, and against the Plaintiff, F. Ruth Davis, as trustee for the heirs of Eldon W. Davis, and for dismissal of the Plaintiff's complaint.

5. VERDICT FORM NO. 2

We, the jury, duly empaneled and sworn to try the above entitled action, find the dam-

enabled the jury to ascertain the amount of damages suffered by the plaintiff and the percentage of negligence attributable to each party. The jury completed the first verdict form, finding that defendants were not negligent in any degree.[6]

Plaintiff alleges on appeal that the district court erred (1) in refusing to rule that defendant Gale Oberholtzer was negligent as a matter of law and (2) in refusing to submit to the jury plaintiff's proposed special verdict form requested in accordance with the Minnesota comparative negligence law, Minn.Stat.Ann. § 604.01(1).[7]

## I.

Plaintiff urges that Gale Oberholtzer violated Minn.Stat.Ann. § 169.20(3) by failing to yield the right of way to Davis, and that the district court should therefore have directed a verdict finding Oberholtzer negligent as a matter of law. Section 169.-20(3), which sets forth the duties of drivers at an intersection with a through highway, states in part:

> The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway *and shall yield the right of way to other vehicles* which have entered the intersection from the through highway or *which are approaching so closely on the through highway as to constitute an immediate hazard*, but the driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicles so proceeding into or across the through highway. (Emphasis added.)

The evidence is clear that Davis' vehicle was close to the eastern entrance to the Crystal Lite Truck Stop when Oberholtzer moved out into the right-hand westbound lane of Highway 212. Oberholtzer subsequently measured the distance between the eastern entrance to the truck stop and his position at the Highway 212 and township road intersection. He estimated the distance between the two locations as approximately 960 feet. At trial, a state policeman gave a rough estimate of 600 to 650 feet.

The district court refused to rule as a matter of law that Davis was "approaching so closely on the through highway as to constitute an immediate hazard" requiring Oberholtzer to remain at the intersection and yield the right of way. In light of Oberholtzer's testimony that he stopped at the stop sign, looked for traffic, and proceeded when he thought it was safe to do so, Judge Benson denied plaintiff's motions for a directed verdict and submitted the issue to the jury.

---

ages of Plaintiff, F. Ruth Davis, trustee for the heirs of Eldon W. Davis, and proximately caused by the death of decedent to be as follows:

$_____

We find the negligence of Defendants, which negligence we find was a proximate cause of the accident, to be _____%

We find the negligence of Eldon W. Davis, which negligence we find was a proximate cause of the accident, to be _____%

Total 100%

Note: You must find a total negligence of 100%. With respect to each of the parties, you should insert either a percentage or the word "none". In any event, the total percentage must add up to 100%.

6. The trial judge instructed the jury to use the first form of verdict only if they found defendants "not negligent in any degree." If they determined that defendants "were negligent in any degree and that the negligence proximately caused the accident * * *," they were required to use the second form of verdict.

7. Minn.Stat.Ann. § 604.01(1) states in part:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering. *The court may, and when requested by either party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence attributable to each party*; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributable to the person recovering. (Emphasis added.)

We hold that the district court did not err in determining that the evidence presented a question for the jury in light of Oberholtzer's testimony and the measurements taken by Officer Greve which suggest that Oberholtzer had started to move down the highway before he was struck by Davis. In addition Goodrich, although traveling at a greater speed than Davis, managed to slow down, change lanes and avoid a collision.[8] Goodrich's testimony suggests that Davis may have made no effort to apply his brakes or change lanes.

## II.

We have previously held that in federal court the form of verdict "is a matter of procedure governed by the federal rules and not by state practice." *Lowery v. Clause*, 348 F.2d 252, 260 (8th Cir. 1965). *See also McDonnell v. Timmerman*, 269 F.2d 54 (8th Cir. 1959).

Plaintiffs' first contention is that the court erred in failing to submit to the jury six requested interrogatories * *.

\* \* \* \* \* \*

On this claim of error we are dealing with procedure and not substantive law. Rule 49(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., gives to the trial court discretion in the use of special verdicts. This discretion is not limited to the decision of whether or not to utilize a special verdict, *but extends beyond to the form of the submitted interrogatories once such decision is made.*

*Id.* at 57–58. (Emphasis added.)

We find, in addition, that the forms of verdict submitted by the district court were more than adequate to inform the jury of

its duty under the Minnesota comparative negligence law [9] to apportion the negligence attributable to each party if both parties were found negligent.

The judgment of the district court is affirmed.

---

**8.** Goodrich had five additional truck lengths and a greater reaction time in which to gain control of his vehicle. However, he testified that his own grain trailer would be able to come to a full stop within 200 to 300 feet of the point where he first applied the brakes. He was not permitted to give an opinion as to the distance it would have taken the Davis vehicle to stop had Davis applied his brakes.

We have found no Minnesota cases indicating that a distance of 600 to 960 feet is so close

that as a matter of law Oberholtzer was required to yield to Davis. *Cf., Tollefson v. Ehlers*, 252 Minn. 370, 90 N.W.2d 205 (1958) (conflicting testimony of 200 to 1000 feet distance between vehicles which then collided at an intersection presented a question for the jury as to which had the right of way under section 169.20(3)).

**9.** Minn.Stat.Ann. § 604.01(1), *supra.*