Gerald MEYERS, Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, Appellee.

No. 83–2586.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1984.

Decided July 6, 1984.

John J. Higgins, Higgins & Okun, Omaha, Neb., for appellant.

Gayla L. Fletcher, Union Pacific R. Co., Omaha, Neb., for appellee.

Before McMILLIAN, BENNETT* and ARNOLD, Circuit Judges.

BENNETT, Circuit Judge.

Gerald Meyers, plaintiff, appeals from a judgment entered September 19, 1983, on a general jury verdict in the District Court for the District of Nebraska.[1] Mr. Meyers had claimed $300,000 in permanent damages for a back injury alleged to have been sustained in a fall on property of the Union Pacific Railroad Company during the course of his employment with that company. The action was brought under the Federal Employers' Liability Act (FELA), 53 Stat. 1404, 45 U.S.C. §§ 51–60 (1982). Plaintiff also appeals the denial of his motion for a new trial. We affirm.

*Background.*

After completing his shift as a laborer at the Union Pacific shop in Omaha, Nebraska, on October 3, 1978, and while walking to his automobile parked on a lot maintained by the railroad for its employees, Mr. Meyers claims that he stepped into unnoticed loose gravel with "a hole in the bottom" and "the ground gave way." The fall, which this is said to have caused, resulted in the alleged back injury.

In essence, plaintiff claimed that the railroad was negligent in that it failed to furnish him a safe place to work and to park, failed to warn him of the danger, and failed to correct the condition which caused his fall. The railroad contended, in its defense, that plaintiff was negligent in not exercising reasonable care to prevent his injury and failed to report the incident in timely manner, if it happened at all. In pretrial procedures, memorialized by two pretrial orders, the district court identified the issues to be resolved by trial as (1) whether the alleged injury occurred as claimed by plaintiff, (2) whether defendant through its agents was negligent so as to impose liability upon it under the FELA, (3) whether there was any contributory negligence on the part of plaintiff, and (4) the exact nature and extent of plaintiff's wage loss (claimed to exceed $40,000) as a result of the alleged accident. Defendant contended, alternatively, that if plaintiff did indeed fall, the fall did not cause his claimed injury because he had a lengthy history of back problems dating back to September 1964, which had occasioned treatment, including hospitalization, and extensive absences from work prior to October 1978. The occurrence of some 14 such incidents prior to October 1978 is not disputed. The district court denied plaintiff's motion *in limine* to exclude evidence of these earlier incidents and this denial is challenged on appeal. The appeal also challenges the district court's instructions to the jury on contributory negligence and proximate cause. The challenged instructions are as follows:

*Instruction No. 9.* The mere happening of an accident causing injury does not make defendant liable nor does it raise any presumption of negligence on the part of defendant. Accidents frequently occur through no one's fault. The burden of proof is upon plaintiff to prove by a preponderance of the evidence that the defendant was negligent in one or more of the ways alleged by plaintiff and that plaintiff's injury resulted in whole or in part from such negligence.

*Instruction No. 13.* You are instructed that a person has a duty to keep a

---

* The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Hon. C. Arlen Beam, United States District Judge for the District of Nebraska.

lookout and to watch where he is going, and that he is bound to observe reasonably visible conditions along the way and to notice what is before him for a reasonable distance.

*Instruction No. 14.* You have been instructed as to how the plaintiff's contributory negligence may limit the right to recover damages. However, it should be noted that, in certain circumstances, the plaintiff's own negligence may be a complete bar to recovery. For example, if you find that the plaintiff was guilty of negligence, and that the plaintiff's negligence was the sole cause of his injury, then you must return your verdict in favor of the defendant.

*Discussion.*

I. Appellant argues his entitlement to a new trial on the basis that no competent evidence was presented from which the jury could properly find lack of due care. On this premise he claims that it was error for the district court to give contributory negligence instructions 13 and 14. *Wilson v. Burlington Northern, Inc.,* 670 F.2d 780 (8th Cir.1982). Obviously, this allegation requires some attention to see if there was any such "competent evidence" adduced during the four-day trial.

 Section 53 of the FELA makes it clear that contributory negligence is not a bar to recovery in a suit brought under that Act but only diminishes proven damages.[2] Therefore, an instruction on contributory negligence which did not make this rule clear could be misleading to a jury. Any jury instruction, however, is subject to the "harmless error" rule which requires a reversal only if error adversely affects the substantial rights of the complaining party. Appellant has the burden of establishing the prejudicial effect. *Flanigan v. Burlington Northern Inc.,* 632 F.2d 880, 886, 889 (8th Cir.1980). We must therefore look not only at the chal-

lenged instructions but also to the facts of this case to see if instructions could have had a prejudicial effect and if appellant has shown such.

II. The district court charged the jury with 45 instructions. Instruction No. 10 tracked 45 U.S.C. § 53, explaining that contributory negligence is not a bar to recovery in a case brought under the FELA, but diminishes the damages, if any, recoverable by reason of the accident, in equal proportion to the entire negligence shown by the evidence.

Appellant says there was no evidence from which the jury could have found a lack of due care on his part but that, on the contrary, the evidence established that the railroad was at fault in not maintaining a safe environment. Actually, the evidence does not all point in one direction and the jury had to sift through and balance numerous contradictions to reach a verdict. Addressing the testimony, there was some confusion as to where the alleged accident happened and the surrounding conditions. A concrete walkway led from the shop area where Mr. Meyers worked to an unpaved roadway which in turn led to the lot where he had parked his car. Mr. Meyers testified that he stepped into a hole on his way to the parking lot when he went around a barrel which was on the end of the concrete walkway. He also said that the accident took place on the roadway going into the parking lot. Plaintiff did not produce any witnesses to his alleged fall. His union representative testified that some workers had complained about ruts in the lot but that he did not consider the lot unsafe.

Plaintiff described the hole as a "chuckhole" as wide as a saucer and "half a foot deep." At another point he said he did not know how deep it was. He also testified that the hole was a "foot and a half deep." He also testified that the hole was about the size of a suitcase; that it was a crevice where a rock had been lodged; that it was

2. 45 U.S.C. § 53 (1982) states:

"[T]he fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminish-

ed by the jury in proportion to the amount of the negligence attributable to such employee: ...."

a dip created from a car tire; and that it was a gulley. As to maintenance of the parking lot, it is uncontroverted that it was graded every six weeks to two months by defendant.

Mr. Meyers said that he fell to the ground on his knees. He also testified at another time during the trial that he fell partway on his left knee and still at another time that he went down to his buttocks. Appellant said that he was both looking for his car and at the ground, but that he was not looking down all of the time.

When he returned to work the day following the alleged fall, Mr. Meyers claimed he reported the accident to his supervisor, but the latter swore that he did not hear about it until the union representative reported it to him some time later. Mr. Meyers stated he also told Dr. Kemp, the company doctor, about the accident but the doctor swore he only reported recurrent back pain and did not refer to the accident. It was 13 days after the incident before Mr. Meyers filled out an accident report. He testified that he did not know he was supposed to file the report and that he had made out only one before, but he later admitted that he had completed 12 such reports before the alleged fall, mostly for off-duty injuries.

Hospitalized for back pain, Mr. Meyers responded very quickly to conservative treatment, according to the attending physician, and returned to work without restriction. Thereafter, he did not have back trouble until April 1979 when he felt a "pop in his back" while bending over. In November 1979 he underwent surgery for a herniated disc. The treating physician opined that the October 1978 incident could not be linked to the surgery in 1979, and that there was no permanent disability from the 1978 episode. Two other doctors gave conflicting views about causation. One doctor did not examine him, the other did so about five years after the accident, and their testimony was necessarily hypothetical.

■ Whether an instruction on contributory negligence is proper in FELA cases depends upon the facts of the particular case and this explains why we have given the evidence so much attention. A defendant is entitled to such an instruction to the jury if there is any evidence to support that theory. *Wilson v. Burlington Northern, Inc.*, 670 F.2d at 782. Accordingly, on the facts of this case, we do not find any error in the court's instructions on contributory negligence. There was evidence from which the jury could reasonably conclude that plaintiff did not exercise due care and that the defendant was not at fault. This is clearly not a case in which there is no evidence from which the jury could reach such conclusions. Plaintiff's evidence was equivocal at best. The instructions expressly limited plaintiff's responsibility to observe reasonably visible conditions, and did not infer that he could be at fault for failure to observe a hidden danger.

■ Appellant characterizes Instruction No. 14 as one relating to sole proximate cause and, as such, impermissible because it would engraft a common law doctrine onto the FELA. The word "proximate" is not in the instruction, which as already shown says: "if you find that the plaintiff was guilty of negligence, and that the plaintiff's negligence was the sole cause of his injury, then you must return your verdict in favor of defendant." Proximate cause and sole cause are plainly different. There may be several causes where there is one that is proximate. But, sole cause is clear in itself. Appellant relies on *Page v. St. Louis Southwestern Railway Co.*, 349 F.2d 820 (5th Cir.1965), but that decision does not help him here. It holds: "Of course the substantive law recognizes that if the negligence of the Employee is the sole cause of the injury or death, there is no liability." *Id.* at 827 (footnote omitted). *See also Almendarez v. Atchison, Topeka & Santa Fe Railway*, 426 F.2d 1095, 1097 (5th Cir.1970). We have been shown no authority and know of none for the appellant's position that the sole cause instruction given here was erroneous. Appellant's citations are inapposite.

■ II. Appellant attacks Instruction No. 9 as defense oriented and gratuitous. Appellant suggests that the instruction focuses on the railroad's theory of nonliability and might unfairly permit the jury to speculate that the accident was a matter of predestination or was inevitable, citing *Walther v. Omaha Public Power District*, 412 F.2d 1164 (8th Cir.1969). While different on the facts from the instant case, the court in *Walther* held that such an instruction, even if improper, did not constitute reversible error, given the facts of the case. *Id.* at 1170. Likewise, we find no fault with an instruction which says that the mere happening of an accident causing injury does not necessarily make a defendant liable for negligence. An expression of common sense is not per se reversible error or defense oriented. Appellant's real problem was not with this part of Instruction No. 9, but with the balance of it which required that he prove to the jury by a preponderance of the evidence that defendant was negligent, as he alleged, and that his injury resulted from that negligence. Plainly, the jury concluded that he did not discharge this burden.

III. The final issue raised on appeal pertains to the district court's denial of plaintiff's motion *in limine* to exclude evidence from the jury referring to certain back injuries which occurred prior to December 5, 1975. It is asserted that some three years before the present claim arose in 1978, plaintiff was required to submit to a physical examination, performed by physicians employed by defendant railroad, as a condition to his return to work there. The result was that plaintiff was certified as fit for employment, without restriction. The court ruled that defendant could inquire into pre-1975 injuries but excluded evidence of the fact that the railroad had earlier obtained release of injury claims made by plaintiff against his employer. Plaintiff now submits that the trial court was in error in not granting the motion *in limine* because the railroad was estopped from referring to the earlier injuries since, in certifying him as fit for duty, it had admitted there was no pre-existing disabling con-

dition as of 1975. Any other ruling, it is contended, violates FED.R.EVID. 403 which excludes relevant evidence that might prejudicially confuse the issues and mislead a jury.

■ The evidence at trial demonstrated that Mr. Meyers had a history of significant back injuries dating from September 1964, and continuing to the incident of October 3, 1978, and thereafter. This history was relied on by the physicians who treated him and by those who testified and gave depositions. They did so to form their opinions as to the cause of his claimed disability.

The evidence was also relevant to plaintiff's credibility since he was shown to be unable to remember certain of his injuries. Had the jury found in his favor, the evidence would also have been relevant and necessary for the apportionment of damages between the pre-existing injuries and the 1978 incident.

Both parties rely on *Callihan v. Burlington Northern, Inc.*, 654 P.2d 972, 976 (Mont.1982). There, as here, the court allowed evidence of previous injuries to be admitted, but excluded evidence of prior releases based thereon. This action was affirmed on appeal by the Montana Supreme Court. Again, the cited case does not help appellant.

It is unnecessary to extend the discussion on the correctness of the denial of the motion *in limine*. It has not been shown how the ruling could reasonably have prejudiced and confused the jury, aroused its emotions, or constituted an improper basis for its verdict in violation of FED.R.EVID. 403. Further, appellant's theory of equitable estoppel seems to be that certifying his ability to work in 1975 has rendered appellant's prior history of extended claims for multiple back injuries irrelevant to his present condition. On the contrary, we have seen that his medical history is relevant and was properly presented to the jury.

■ The admissibility of evidence in FELA cases is ordinarily left to the discre-

tion of the trial court, and it will not be reversed unless it abused its discretion. *Lavender v. Kurn,* 327 U.S. 645, 654, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946); *Flanigan v. Burlington Northern Inc.,* 632 F.2d at 884. Upon careful examination of the record we find no abuse of discretion here.

The judgment of the district court entered on September 19, 1983, and the order entered on October 21, 1983, denying plaintiff's motion for a new trial, are affirmed.

Affirmed.