Bobby J. NAYLOR, Appellant,

v.

ST. LOUIS SOUTHWESTERN
RAILWAY COMPANY, d/b/a
Cottonbelt, Appellee.

No. 87–1530.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1988.

Decided June 8, 1988.

Patrick S. O'Brien, East Alton, Ill., for appellant.

John G. Lile, Pine Bluff, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Bobby J. Naylor (Naylor) appeals from the district court's [1] order denying his motion for a new trial. We affirm.

## I. BACKGROUND.

Naylor, an employee of the St. Louis Southwestern Railway Company (Railway), allegedly was injured on March 22, 1985, while rolling axles. As a result of his accident, Naylor felt nauseous, dizzy, felt weakness in his arms and suffered from chest pain for the rest of the day. He continued to have physical discomfort for the next few days and was finally admitted to Jefferson Regional Medical Center in Pine Bluff, Arkansas, on March 25, 1985. At some point during his stay at the Medical Center he had a heart attack.

Naylor sued the Railway under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (FELA),[2] alleging that the Railway had negligently allowed him to do the work which had caused his injury, because a man could not muster the force necessary to safely roll and stop the axles. After a three-day trial, a jury returned a verdict in favor of the Railway.

## II. DISCUSSION.

Naylor argues that the district court erred in four respects: (1) by giving a jury instruction which misstated a pertinent FELA provision; (2) by giving a jury instruction which stated that Naylor had a duty to mitigate damages; (3) by allowing a witness for the Railway to testify as an expert; and (4) by admitting a videotape

into evidence. Naylor objected on each of these grounds at the appropriate time before the district court, and unsuccessfully raised each of these issues in his motion for a new trial. After careful consideration, we also reject these allegations of error.

### A. Jury Instruction Misstating FELA.

■ As noted in footnote 2, *supra*, the FELA imposes liability for injury resulting "in whole or in part" from an employer's negligence. The instruction submitted by the court, however, stated that the plaintiff must prove that his injury was "the result of some negligence on the part of the defendant."

Naylor argues that by omitting the phrase "in whole or in part," the court required the jury to believe that liability could only be found if the Railway's negligence was the only factor that caused the heart attack.

Even assuming, *arguendo*, that the instruction as given misstated the law, "[t]he question, once a misstatement has been made, is whether the error was so egregious, *considering the instructions as a whole*, as to require the verdict to be set aside." *Jamesbury Corp. v. Litton Industrial Products, Inc.*, 756 F.2d 1556, 1560 (Fed.Cir.1985) (emphasis added). Elsewhere in the instructions, the "in whole or in part" language in the FELA is quoted directly, and at another point the amount of negligence needed for a defendant to be liable is specifically addressed.[3] We conclude, therefore, that the instructions as a

---

1. The Honorable G. Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas.

2. Section 1 of the FELA, 45 U.S.C. § 51, provides in pertinent part:

 Every common carrier by railroad while engaging in commerce * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its * * * equipment.

3. At one point the court instructed the jury:

 For the purpose of this action, injury or damage is said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence in the case that *the act or omission played any part, no matter how small,* in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that *any negligence* on the part of the defendant railroad company *contributed in any way* toward the injury or damage suffered by the plaintiff, you may find that such injury or damage was caused by the defendant's act or omissions.

 Addendum to Joint App. at 520 (emphasis added).

whole stated the law correctly, and any error in the instructions did not rise to the level necessary to set the verdict aside.

### B. Jury Instruction on Duty to Mitigate Damages.

 Naylor asserts that the district court erred in instructing the jury that he had a duty to mitigate damages. Naylor argues that because the Railway presented no evidence that he failed to mitigate damages, giving the instruction prejudiced the jury against him.

As the district court correctly pointed out, however, the jury was told to consider the damage instruction only if it had found the Railway liable. The jury, however, found the Railway not liable and thus the damage instructions were never considered. Naylor's argument therefore lacks merit.

### C. Expert Testimony.

 Naylor argues that the district court erred in allowing a former employee of the Railway to testify as an expert witness. The former employee testified that the axles were not too heavy to handle by hand and that performing such work by hand was not unusual in the railroad industry. Naylor contends that the former employee was not qualified as an expert in the area in which he testified.

A trial judge has discretion in deciding whether or not to admit expert testimony. We will reverse only if this discretion was clearly abused. *Froemming v. Gate City Federal Savings and Loan Ass'n.*, 822 F.2d 723, 732 (8th Cir.1987). The district court noted that the witness had a degree in electrical engineering and was for many years the chief mechanical engineering officer for the Railway. The court also correctly concluded, in denying Naylor's motion for a new trial, that the witness's credibility was for the jury to evaluate. We find no abuse of discretion in this regard.

### D. Admission of Videotape.

 Finally, Naylor argues that the district court erred in admitting a videotape which showed axles, allegedly similar to those Naylor worked on, being handled. Naylor asserts that the axles in the videotape were configured so as to be more easily rolled, and the man rolling the axles in the videotape was larger and younger than Naylor.

As the district court pointed out, however, it was "patently obvious" to a viewer of the videotape that the man depicted was larger than Naylor. Moreover, the fact that the axles on the videotape were more easily rolled could have been elicited on cross-examination. The district court has a large amount of discretion over the admissibility of evidence in FELA cases, *see Meyers v. Union Pacific Railroad Co.*, 738 F.2d 328, 332–33 (8th Cir.1984), and we conclude that admission of the videotape was not so prejudicial or misleading as to require a new trial.

Accordingly, the district court's order is in all respects affirmed.