Richard L. COPE, Plaintiff-Appellant,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellee.

No. 89–2282.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1990.

Decided June 29, 1990.

Steven D. O'Brien, Lincoln, Neb., for defendant-appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and STUART[*], Senior District Judge.

STUART, Senior District Judge.

Richard Cope brought this action against his employer, the Burlington Northern Railroad Company, seeking damages for injuries allegedly sustained on the job. As the defendant is a common carrier by railroad engaged in interstate commerce, the provisions of the Federal Employers' Liability Act (FELA) 45 U.S.C. §§ 51 to 60 (1982) govern plaintiff's right to recover. The jury returned a general verdict in favor of the defendant and in answer to a special interrogatory, found that there was no negligence on the part of the defendant that caused or contributed to plaintiff's injury. Plaintiff's motion for new trial was denied. Plaintiff has appealed from the final judgment entered on the jury's verdict.

On appeal plaintiff has assigned three errors: (1) the jury verdict is not supported by substantial evidence, (2) the trial court[1] erred in failing to give a limiting instruction with respect to a videotape shown to the jury, and (3) the trial court erred in using the term "calculated" in the instruction on foreseeability. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE.

An appellate court may set aside a jury verdict only when there is no evidence of substance upon which reasonable persons could differ. We are not free to weigh the evidence, to pass upon the credibility of witnesses or to substitute our judgment for that of the jury. Instead we must view the evidence most favorably to the non-moving party and give it the benefit of all reasonable inferences to be drawn from the record. *Ybarra v. Burlington Northern, Inc.*, 689 F.2d 147, 150 (8th Cir.1982);

Craig L. Kelley, Omaha, Neb., for plaintiff-appellant.

[*] The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Richard D. Robinson, United States District Judge for the District of Nebraska.

*McCamley v. Shockey*, 636 F.2d 256, 258 (8th Cir.1981).

■ The jury specifically found that there was no negligence on the part of Burlington Northern that caused or contributed to plaintiff's injury. There was substantial evidence to support that finding.

At the time of his alleged injury plaintiff was working as a bearing inspector at Burlington Northern's Havelock Wheel Plant. There wheel sets were dismantled, examined, repaired and reassembled. As a bearing inspector, plaintiff worked at one of nine workbenches next to a carousel that carried wheel bearings to the benches where they were removed by the workman, examined and returned to the appropriate tray on the carousel.

The workman slides the bearing off of the carousel tray over a two inch steel roller attached to his work station that is slightly higher than the carousel and the work station. The roller is designed to compensate for height variances of up to one-quarter of an inch between the work station and the carousel trays. After the bearing has been examined the workman slides it back onto the carousel. He does not have to lift the 60 or 70 pound bearings.

On December 6, 1984, as plaintiff was attempting to return a bearing to the carousel, the bearing jammed against the lip of the tray and stopped. Plaintiff was standing in a slightly bent, twisted position and immediately felt a sharp pain in his lower back and leg. Plaintiff testified that the height disparity was not noticeable. He reported the injury to his foreman. The next day he completed an accident report in which he stated that he "developed a sore back while inspecting bearings." Where the form asked for "defects involved," the following choices were listed: none, machinery, tools, structures, equipment and other defects. Plaintiff checked "none". He explained that he had checked none because no component of the equipment was broken and the problem was operational. He did not mention any particular problem with the carousel tray, the work station or the bearing.

The jury could well have concluded that it was not negligent for the defendant to furnish the defendant a work place with a one-eighth to one-quarter variance in the height of the carousel and workbench when there was an elevated roller to compensate for variances. There was conflicting testimony whether there were problems with sliding the bearings on and off the carousel and whether complaints about such problems had been made to the defendant. The jury could have weighed the credibility of the witnesses in favor of the defendant.

There is evidence of substance in the record to support the jury's general verdict and its finding that the defendant was not guilty of negligence that was a proximate cause of plaintiff's injury.

## II. LIMITING INSTRUCTION ON VIDEOTAPE

■ A videotape of the bearing room at the Havelock plant was shown to the jury without sound. The videotape was made nearly four years after plaintiff's accident and depicted a workbench and the carousel, showed a workman removing a wheel bearing from the carousel and returning it to the carousel, and the adjustment for height on the legs on the workbench. The person shown in the tape took the witness stand and was allowed to explain to the jury what he was doing in the videotape.

The trial judge previewed the tape and stated to counsel: "I'm going to explain to the jurors this is just a purported demonstration of what the equipment was at the time." He told the jury:

The defendant has offered a videotape which was taken some time in September of ... 1988 which you recognize was some time after this claimed accident, but in any event, it's a picture of the shop where the plaintiff worked and where he claims he was hurt. I'm going to let them show you the shop, show you the video. I'm not going to permit them to turn on the sound but the witness who was on the stand when you left was

present at the time the video was taken and counsel may question him as to what this shows.[2]

At that time plaintiff made no objection to the court's comments and did not request a further limiting instruction. Plaintiff's counsel said "No objection, your honor" when the tape was offered into evidence. No limiting instruction was sought in the final instructions to the jury. The alleged error was not raised in the motion for new trial and is raised for the first time on appeal.

In order to preserve an alleged error in instructions to the jury on appeal, the party must have brought the objection to the attention of the trial court. *Grogan v. Garner*, 806 F.2d 829, 837 fn. 10 (8th Cir. 1986); *Safeco Ins. Co. of America v. Costello*, 799 F.2d 412, 414 (8th Cir.1986); *U.S. v. Petty*, 798 F.2d 1157, 1161 (8th Cir.1986) *cert. denied* 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 928, *reversed* (for other reasons) 828 F.2d 2 (8th Cir.1987); *Roth v. Black & Decker, U.S. Inc.*, 737 F.2d 779, 783 (8th Cir.1984); *Griggs v. Firestone Tire and Rubber Company*, 513 F.2d 851, 857 (8th Cir.1975) *cert. denied* 423 U.S. 865, 96 S.Ct. 124, 46 L.Ed.2d 93. This alleged error has not been preserved for appellate review. The failure of the trial court to be more specific in the limiting instruction was not plain error.

## III. INSTRUCTION ON FORESEEABILITY.

In Instruction No. 23, the trial court submitted the defendant's requested instruction to the jury as follows:

In order to find that the defendant is guilty of negligence which in whole or in part resulted in the injuries of which plaintiff complains, you must find that the acts of the defendant were such that a reasonably prudent man would know or should have known that they were calculated to produce injury; or, in other words, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of attendant circumstances.

Plaintiff objected to the instruction. He argues that the "calculated to produce injury" language of the instruction "is totally contrary to the law, injecting as it does an element of intent to an area of law where the defendant's intent plays absolutely no role in assessing liability."

■ The trial court has broad discretion in the form and language used in instructions to the jury. This court reviews jury instructions to determine whether, taken as a whole, they are confusing or misleading in presenting the applicable principles of law. *Grogan v. Garner*, 806 F.2d at 836.

■ The "in other words" portion of Instruction 23, which immediately follows the language objected to, defines and clarifies "calculated to produce" and eliminates any likelihood that the jury would consider it to include an element of intentional conduct. Instruction 24 contains a detailed description of actual and imputed knowledge as related to foreseeability. We believe that the instructions as a whole fairly and adequately presented the applicable law on cause and foreseeability and were not misleading or confusing to the jury.

■ However, this does not mean that we approve of the use of the term "calculated to produce injury" in FELA cause and foreseeability instructions. To avoid any possibility of confusion, it would have been advisable to use different phraseology.

On appeal plaintiff claims the language "it must appear that *the injury* was the natural and probable consequence of the negligence or wrongful act and that *it* ought to have been foreseeable in the light of attendant circumstances" (emphasis add-

2. After the tape had been played the court also asked the witness:
"The Court: You don't claim this picture was taken in 1984?
"The Witness: No, sir. * * * This was taken on September 13, 1988.

"The Court: But you submit it's representative of the general conditions that were present in 1984?
"The Witness: That's correct, your honor."

ed) is a misstatement of the law. Plaintiff argues that this language suggests that plaintiff's particular injury must have been foreseeable as a prerequisite to finding defendant liable, and that this is not the law. We need not reach that issue because this objection was not raised in the trial court and we find no plain error.

Finding no reversible error, we affirm the judgment in favor of the defendant.