**William PAUL, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

No. 91–2364.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1992.

Decided April 28, 1992.

Rehearing Denied June 12, 1992.

Gail Gaus Renshaw, Wood River, Ill., argued (Mark T. McCloskey, on brief), for appellant.

Kevin A. Crass, Little Rock, Ark., argued (Thomas R. Jayne, St. Louis, Mo., and Herschel H. Friday and William H. Sutton, Little Rock, Ark., on brief), for appellee.

Before JOHN R. GIBSON, BOWMAN, Circuit Judges, and LIMBAUGH,* District Judge.

BOWMAN, Circuit Judge.

William A. Paul brought this action against his employer, Missouri Pacific Rail-

---

* The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

road (MoPac), under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1988) (FELA). Paul alleges that MoPac negligently exposed him to dangerously excessive levels of noise during his thirty-four years of service and caused him to suffer permanent hearing loss. A jury returned a general verdict for MoPac and the District Court[1] entered judgment on this verdict, dismissing the case with prejudice.

On appeal, Paul contends the District Court erred in submitting to the jury the question of his alleged contributory negligence and that the court committed several errors on evidentiary matters during the trial. For the reasons stated below, we affirm the judgment of the District Court.

## I.

The relevant facts are largely beyond dispute. Paul went to work for MoPac in 1957 as a switchman and brakeman and continued there until the time of the trial of this action against MoPac. Hearing protection devices were not made available to Paul at work until 1987, despite Paul's evidence that MoPac should have known as early as 1966 that the noise levels were potentially harmful. Once protective devices were available, Paul wore them at all times while on the job. Paul was also an avid hunter and he testified to regular, recreational use of small and large caliber rifles over the last twenty years. He admitted that he did not always wear hearing protection when he fired his rifles. Paul's otolaryngologist, Dr. Dickins, testified Paul had sustained a mild high-frequency hearing loss in his left ear and that the hearing in his right ear was normal for a man of Paul's age. Paul also testified that he suffers from a persistent ringing in his left ear (tinnitus).

At trial, MoPac sought to prove that Paul's hearing loss was not caused by any negligence on its part, but rather was caused solely by Paul's recreational use of firearms. MoPac further sought to prove that Paul's recreational use of firearms without hearing protection was unreasonable and constituted contributory negligence. The District Court, over Paul's timely and specific objection, instructed the jury on the issue of Paul's contributory negligence[2] and the jury returned a general verdict in favor of MoPac.

## II.

Paul alleges the District Court erred in instructing the jury on the issue of contributory negligence. Paul argues there was no evidence of any negligence on his part at work and therefore the jury should not have been allowed to consider this issue.

Under FELA, contributory negligence is an affirmative defense on which the defendant employer has the burden of proof. *Wise v. Union Pac. R.R.*, 815 F.2d 55, 57 (8th Cir.1987). The defendant is entitled to have the jury instructed on this defense if there is "any evidence to support that theory." *Meyers v. Union Pac. R.R.*, 738 F.2d 328, 331 (8th Cir.1984). In analyzing Paul's claim of error regarding the contributory negligence instruction, this Court must review the record to determine whether a sufficient evidentiary basis had been established to warrant giving the instruction. *Wise*, 815 F.2d at 57; *Meyers*, 738 F.2d at 330–31.

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2. The District Court gave, as its Instruction No. 11, a general contributory negligence instruction based on 3 Edward J. Devitt, et al., *Federal Jury Practice and Instructions* § 94.16 (4th ed. 1987). The District Court further instructed the jury, in Instruction No. 12, that:

> You must find the plaintiff contributorily negligent if the defendant has proved all the following elements by the preponderance of the evidence:
> First, the plaintiff failed to protect himself from exposure to harmful noise *in his recreational activities.*
> Second, the plaintiff was thereby negligent. And third, such negligence of the plaintiff directly contributed to causing his injury.
> If any of the above elements have not been proved by the preponderance of the evidence then the plaintiff was not contributorily negligent.
> Trial Transcript at 597 (emphasis added).

Our review of the record has convinced us that the District Court was correct in finding that "[t]here has been no evidence that the plaintiff was himself negligent on the job." Trial Transcript ("Tr.") at 522. The court decided to give the challenged instruction, however, because "the issue is the ordinary care owed by the railroad to protect the plaintiff's hearing and likewise it's his own ordinary care to protect his hearing, whether it be on the job or off the job." Tr. at 519. Thus the question is narrowly presented: is evidence of a plaintiff's off-duty activities, which were arguably careless and may have contributed to his claimed injury, sufficient to warrant a contributory negligence instruction in a FELA case?

The parties have not presented, nor has our research revealed, a case that addresses the definition of contributory negligence in a fact situation similar to this one. The definitions that have been employed by this Court naturally reflect the circumstances giving rise to them. In *Birchem v. Burlington N. R.R.*, 812 F.2d 1047 (8th Cir. 1987), we quoted the statement of then-Judge Kennedy of the Ninth Circuit that: "[c]ontributory negligence ... is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist." *Id.* at 1049 (*quoting Taylor v. Burlington N. R.R.*, 787 F.2d 1309, 1316 (9th Cir.1987)) (emphasis by *Birchem* panel omitted). This definition captures the necessary elements when the negligence of the defendant and the negligence of the plaintiff combine to create a single situation from which a sudden and indivisible injury arises. The injuries in *Birchem* were the products of this type of sudden event. *See id.* at 1048 (plaintiff injured his back when an unlatched door swung open, striking him, and again while operating a machine).

Similarly, this Court has approved an instruction which defined contributory negligence as "fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury." *Flanigan v. Burlington N., Inc.*, 632 F.2d 880, 886 (8th Cir.1980), *cert. denied*, 450 U.S.

921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). This definition, which emphasizes the causation aspect of contributory negligence, was deemed adequate in *Flanigan* where the employee failed to follow a safety procedure to notify others of his presence and was run over when the car he was inspecting was moved without warning. *Id.* at 882.

Definitions that were created to address sudden, injury-producing events are ill-suited to the present situation where the plaintiff's injuries are claimed to be the product of long-term, occupational exposure to an injury-producing condition. This does not mean, however, that the defense of contributory negligence is to have no application in the growing area of occupational-exposure litigation under FELA. Congress provided, through the contributory negligence defense set forth in 45 U.S.C. § 53, the only means for an employer to avoid liability for the full amount of an employee's damages where its negligence caused only a part of the injury. *See id.* (stating this section governs use of contributory negligence in "all actions" brought under FELA). Because the injury in the ordinary FELA case is the product of a sudden and isolated event, the contributory negligence defense usually has been seen in terms of whether the plaintiff's unreasonable behavior contributed to creating this event. In the present case, however, where the injury arises from the defendant's alleged long-term disregard for an interest of the plaintiff (here, his hearing), we see no reason why the defense of contributory negligence should not have application where there is evidence the plaintiff likewise has shown long-term disregard for the same interest.

The Court is aware of the apparent incongruity of charging a plaintiff's off-duty conduct as contributory negligence. It has often been said that "an employee in a FELA action has a duty to use reasonable care *in the workplace*." *Ackley v. Chicago & N.W. Transp. Co.*, 820 F.2d 263, 267 (8th Cir.1987) (emphasis added). There has been an almost total lack of discussion in FELA decisions, however, of the duty to use reasonable care to protect oneself

away from work. Where the issue has been raised, it has been addressed in terms other than "duty." *See Taylor*, 787 F.2d at 1314 (reversible error to refuse contributory negligence instruction where plaintiff's off-duty drug use "may have played a part in causing [plaintiff's] mental collapse"); *Farmer v. Pennsylvania R.R.*, 311 F.Supp. 1074, 1077 (W.D.Pa.1970) (plaintiff seeking damages for tuberculosis not contributorily negligent where no evidence was admitted to show that his long-term smoking was negligent). This incongruity is, however, more likely the fault of the terminology employed rather than the purposes being served:

> It is perhaps unfortunate that contributory negligence is called negligence at all. "Contributory fault" would be a more descriptive term. Negligence as it commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the actor himself. Negligence requires a duty, an obligation of conduct to another person. Contributory negligence involves no duty, unless we are to be so ingenious as to say the plaintiff is under an obligation to protect the defendant against liability for the consequences of plaintiff's own negligence.

W. Page Keeton *et. al.*, Prosser and Keeton on the Law of Torts § 65, at 453 (5th ed.1984) (footnotes omitted).

In the present case, Paul contends that MoPac was unreasonable in exposing him to harmful noise levels at work over a substantial period of time. There was also evidence from which the jury could have determined that Paul was unreasonable, during the same long-term period, in failing to protect himself from the same danger created by his recreational use of firearms. Any hearing loss caused by one of these negligent exposures would be indistinguishable from, and perhaps subsumed by, a loss from the other. Thus, we are persuaded that the policy expressed in 45 U.S.C. § 53, that a FELA plaintiff shall not recover for that proportion of his injuries attributable to his negligence, must find expression in this case. We hold, there-

fore, that where, as here, a plaintiff complains of long-term employer disregard resulting in injury to a specific interest for which there is evidence that the plaintiff also has shown a long-term disregard, it is not error to give a contributory negligence instruction.

A distinction needs to be sharply drawn, by the litigants and for the jury, between the affirmative defense of contributory negligence and the plaintiff's burden of proving causation. This distinction is even more critical when the same evidence is proffered to raise the former and rebut the latter. Under FELA, the plaintiff carries only a slight burden on causation. The plaintiff need only prove that "employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). On this issue, the evidence of Paul's recreational activities, while not dispositive, is relevant. It goes to show, however persuasively and to whatever degree, that the plaintiff's injuries were not caused, even in the slightest, by the negligent acts of the defendant. If the plaintiff fails to sustain his burden on causation, if the jury finds that the defendant's negligence caused no part of the injury, the verdict must be for the defendant. *See Grand Trunk W. Ry. v. Lindsay*, 233 U.S. 42, 47, 34 S.Ct. 581, 582, 58 L.Ed. 838 (1914) (" 'It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability' ") (quoting *Grand Trunk W. Ry. v. Lindsay*, 201 F. 836, 844 (C.C.Ill.1912)).

If, however, the jury finds even a partial causal connection between the employer's negligence and the employee's injury, then the employer is liable for the employee's damages. *Rogers*, 352 U.S. at 506, 77 S.Ct. at 448. Only then may damages be reduced, in an appropriate case, in proportion to the employee's fault or contributory negligence. 45 U.S.C. § 53. On this issue as well, the evidence of Paul's recreational activities is relevant and, as we have held, sufficient to submit the question of contrib-

utory negligence to the jury. In so holding, we merely place in the jury's hands the opportunity to apportion the damages between the parties according to their respective degrees of fault.

### III.

We have examined Paul's other contentions of error and find them to be unpersuasive. We have held that "[t]he district court has a large amount of discretion over the admissibility of evidence in FELA cases." *Naylor v. St. Louis Southwestern Ry. Co.*, 847 F.2d 1305, 1307 (8th Cir.1988). We will reverse the determination of a district court on these matters only on a showing of an abuse of this discretion. *Meyers,* 738 F.2d at 332–33. Our review of the record in this case reveals no such abuse by the District Court.

### IV.

For the reasons stated, we affirm the judgment entered by the District Court on the jury's general verdict in favor of the defendant.