**Steven BISSETT and David Westergren, Appellants,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Appellee.**

**David WESTERGREN, Appellant,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a corporation, Appellee.**

Nos. 89–5199, 91–2868.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1992.

Decided July 17, 1992.

Stephen S. Eckman, Minneapolis, Minn., argued, for appellants.

Megan K. Ricke, St. Paul, Minn., argued, for appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

This consolidated appeal follows two trials involving claims brought by Steven Bissett and David Westergren under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., against their employer, Burlington Northern Railroad Company

(BN), for injuries resulting from the same accident. Bissett and Westergren raise numerous issues on appeal. We affirm.

## I. BACKGROUND

On July 11, 1986, Bissett and Westergren were seated in the caboose of their employer's train when the train slowed for a crew change. Although usually the train does not come to a complete stop for the crew change, it did so on this day. Appellants allege that they were injured by a sudden movement of the caboose that resulted from the slack action between the train cars during the stop and start. Based upon these events, Bissett and Westergren sued BN for damages. The court[1] bifurcated the trial because Westergren's injuries had not yet stabilized. All issues were tried in the first trial except for the issue of Westergren's damages, which was tried in the second trial. At the first trial, the jury returned a special verdict attributing 51% of the causal fault for the accident to Westergren and 49% to BN and a special verdict attributing 40% of the causal fault for Bissett's injuries to Bissett and 60% to BN. The jury awarded Bissett $50,000 in damages. In the second trial,[2] the jury awarded Westergren $151,571 in damages.

## II. DISCUSSION

### A. BIFURCATION OF THE TRIAL

■ Appellants first argue that the court erred in bifurcating the trial. A district court's decision to bifurcate a trial should only be reversed on a finding of a clear abuse of discretion. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir.1990). Westergren maintains that the jury should have had the benefit of the evidence of his injuries when it decided the issue of liability. BN responds that evidence was submitted to the jury that Westergren underwent at least one surgery on his back following the incident in question and that the bifurcation issue was not preserved for appeal. We need not determine whether the

issue was preserved for appeal because we find no abuse of discretion by the district court's separation of the issue of Westergren's damages from the other issues on account of Westergren's unstable medical condition.

### B. FIRST TRIAL

■ Appellants next assert that the district court made numerous errors in determining the admissibility of evidence in the first trial. Appellants claim that the court erred in admitting a video of a re-enactment of the accident, in excluding evidence of two prior "similar" incidents, in excluding a statement by Claims Agent Renny, and in the admission of limited medical evidence regarding Westergren. "We have held that 'the district court has a large amount of discretion over the admissibility of evidence in FELA cases.'" *Paul v. Missouri Pac. R.R. Co.*, 963 F.2d 1058, 1061–62 (8th Cir.1992) (quoting *Naylor v. St. Louis S.W. R.R. Co.*, 847 F.2d 1305, 1307 (8th Cir.1988)). Having carefully reviewed the record, we are unpersuaded by appellants' arguments of error and find that the district court did not abuse its discretion in any of the contested evidentiary rulings.

■ The next issue raised by appellants is that the jury instruction regarding foreseeability was erroneous. First, appellants assert that foreseeability is not an element in a FELA action. The Supreme Court has expressly stated, however, that "reasonable foreseeability of harm is an essential ingredient of [FELA] negligence." *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963). Next, appellants claim that the instruction as given incorrectly stated the law. The trial court has broad discretion in the form and language used in instructions to the jury. *Cope v. Burlington N. R.R. Co.*, 907 F.2d 67, 70 (8th Cir.1990). We review the jury instructions to determine

---

1. The Honorable Donald D. Alsop, Chief United States District Judge for the District of Minnesota.

2. Although the first trial was before Chief Judge Alsop, the second trial was before the Honorable David S. Doty, United States District Judge for the District of Minnesota.

"whether, taken as a whole, they are confusing or misleading in presenting the applicable principles of law." *Id.* (citation omitted). In this case, the court instructed the jury that "defendant's duties are measured by what is reasonably foreseeable under the circumstances, by what in the light of the facts *then known* the railroad should have reasonably anticipated." Appellants argue that the instruction should not be limited to the facts then known by defendant but also should include the facts that defendant by the exercise of due care should have known. This court has previously characterized a jury instruction that was essentially the same as the one in question here "as not a model one." *Chicago & N.W. Ry. Co. v. Rieger,* 326 F.2d 329, 336 (8th Cir.), *cert. denied,* 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964) (discussing *Chicago, Rock Island & Pac. R.R. Co. v. Lint,* 217 F.2d 279 (8th Cir. 1954)). While not perfect, we found that such an instruction is a "substantially correct statement[ ] of applicable law." *Lint,* 217 F.2d at 285. Therefore, we find that the court did not abuse its discretion with respect to the foreseeability jury instruction.

■ Appellants also contend that their motions for new trial should have been granted because the jury's verdict with respect to the contributory negligence of the appellants and the division of causal fault is against the weight of the evidence. "When reviewing a jury verdict to decide whether it is against the weight of the evidence, the district court conducts its own review of the evidence to determine whether a miscarriage of justice has occurred." *Peterson by Peterson v. General Motors Corp.,* 904 F.2d 436, 439 (8th Cir. 1990) (citation omitted). "The denial of a motion for new trial on this basis is 'virtually unassailable on appeal,' and perhaps should not be reviewable at all by an appellate court." *Id.* at 440 (citations omitted). Appellants correctly assert that BN "cannot rely solely on the credibility of plaintiff's testimony to establish contributory negligence." *Birchem v. Burlington N. R.R. Co.,* 812 F.2d 1047, 1049 n. 4 (8th Cir.1987) (citation omitted). The contrib-

utory negligence claims, however, were supported by evidence such as the medical testimony indicating that Bissett did not properly brace himself and by Westergren's own testimony that implies that he did not brace himself. The district court stated that the jury's findings "were amply supported by the evidence." We find that the district court did not err in denying appellant's motion for new trial.

## C. SECOND TRIAL

■ The second trial only involved the issue of Westergren's damages. With respect to the second trial, Westergren submits that several evidentiary errors occurred, that the court improperly failed to instruct on mitigation of damages, that the court improperly rejected Westergren's request for a special verdict form, and that the damages award was not supported by the evidence.

Westergren raises three issues regarding the district court's evidentiary rulings in the second trial. First, Westergren asserts that the court abused its discretion by allowing the testimony of BN's medical expert to be admitted without the proper foundation and by allowing the expert to give his testimony out of order. We do not find the court abused its discretion in determining that the proper foundation had been laid and in allowing BN's medical expert to testify out of order in this case. The second argument raised regarding the second trial is that the court abused its discretion in excluding testimony of a co-employee's testimony regarding the railroad's layoff practices. Again we find no abuse of discretion and no prejudice by the court's evidentiary ruling.

■ The third issue raised with respect to the second trial is a much closer question. Westergren argues that the court erred with respect to evidentiary rulings and jury instructions regarding the defense of failure to mitigate damages. Just before trial, the court denied BN's motion to amend its answer to include the defense of mitigation of damages. At the trial, however, BN was allowed to introduce evidence

of the wages of its clerks and dispatchers and of its suggestions to Westergren's counsel that Westergren apply for those jobs. Westergren asserts that the admission of such evidence was erroneous. Westergren also claims the lack of jury instructions on the issue of mitigation of economic damages and the burden of proof constituted reversible error because the evidence regarding mitigation of damages had been admitted. BN asserts that the evidence regarding the economic damages was properly admitted because it went to the issue of causation.

■ To prove causation of damages in a FELA action, plaintiff must establish injuries that "result[ed] in whole or in part" from the employer's actions. 45 U.S.C. § 51; *Naylor v. St. Louis S.W. R.R. Co.*, 847 F.2d 1305, 1306 (8th Cir.1988). "The plaintiff need only prove that 'employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought.' " *Paul v. Missouri Pac. R.R. Co.*, 963 F.2d 1058, 1061 (8th Cir.1992) (quoting *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957)).

■ Damages for the injury of loss of earning capacity may be recovered in a FELA action. *See Flanigan v. Burlington N. Inc.*, 632 F.2d 880, 885 (8th Cir. 1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). "Earning capacity means the potential for earning money in the future...." *Taenzler v. Burlington N.*, 608 F.2d 796, 798 (8th Cir.1979). The appropriate measure is the present value of the total amount of future earnings. *Id.* (citations omitted).

■ The Sixth Circuit has stated, in a FELA action, that proof of the failure to mitigate damages for loss of future earning capacity limits the damages to the difference the plaintiff would have earned in his previous position with the railroad and what he might have earned in another position. *Jones v. Consolidated Rail Corp.*, 800 F.2d 590, 594 (6th Cir.1986). The failure to mitigate such damages is an affirmative defense. *See Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir.

1988). Failure to plead such a defense results in the waiver of the defense and its exclusion from the case. *Id.* (citation omitted).

A recent Eighth Circuit case, *Paul v. Missouri Pacific Railroad Company*, 963 F.2d 1058 (8th Cir.1992), involves proof of causation and of an affirmative defense and, therefore, is analogous to this case. The FELA action in *Paul* involved a claim that the plaintiff employee suffered permanent hearing loss as a result from his exposure to excessive noise at work. *Id.*, at 1058–59. The employer sought to prove that the employee's hearing loss was due to his recreational use of firearms and raised the affirmative defense that his use of firearms without hearing protection constituted contributory negligence. *Id.* at 1059. On appeal, the employee's claim that the district erred in instructing the jury on the issue of contributory negligence was rejected. *Id.* at 1061–62. In reaching that conclusion, the court stated:

A distinction needs to be sharply drawn, by the litigants and for the jury, between the affirmative defense of contributory negligence and the plaintiff's burden of proving causation..... [To prove causation,] the plaintiff need only prove that 'employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought.' *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506 [77 S.Ct. 443, 448, 1 L.Ed.2d 493] (1957). On this issue, the evidence of Paul's recreational activities, while not dispositive, is relevant. It goes to show, however persuasively and to whatever degree, that the plaintiff's injuries were not caused, even in the slightest, by the negligent acts of the defendant.....

If, however, the jury finds even a partial causal connection between the employer's negligence and the employee's injury, then the employer is liable for the employee's damages. *Rogers*, 352 U.S. at 506 [77 S.Ct. at 448]. Only then may damages be reduced, in an appropriate case, in proportion to the employee's fault or contributory negligence. 45

U.S.C. § 53. On this issue as well, the evidence of Paul's recreational activities is relevant and, as we have held, sufficient to submit the question of contributory negligence to the jury.

*Id.* at 1061–62.

In this case, the evidence in question is of the wages and earnings of BN's clerks and dispatchers and of BN's suggestions to Westergren's counsel that Westergren apply for those jobs. Applying the language in *Paul,* the evidence of Westergren's ability to perform comparably paying jobs is relevant to show that his injury of loss of earning capacity was "not caused, even in the slightest, by the negligent acts of the defendant." In other words, such evidence may be pertinent to BN's rebuttal of Westergren's claim that he suffered a loss of earning capacity as a result of the incident. The evidence that Westergren failed to seek such employment is also relevant to the issue of mitigation of damages. Although the evidence submitted went to both issues, in our view the evidence went to prove failure to mitigate much more strongly than to refuting causation. However, while we might have decided the admissibility questions differently were we the trial judge, we cannot say that the admission of such evidence was so erroneous as to constitute an abuse of the broad discretion possessed by the district court in determining what evidence to admit and for what purposes.

At oral arguments, both parties asserted that the jury was not instructed on the issue of mitigation of economic damages.[3] Westergren argues that the district court should have instructed upon mitigation of economic damages because such evidence was admitted and because such an instruction would have placed the burden of proof upon BN. At the instruction conference at trial, however, Westergren objected to any mitigation instruction because mitigation was not an issue in this case. Not only has Westergren failed to preserve the argument he asserts now on appeal, *see* Federal Rule of Civil Procedure 51, Westergren argued a contrary position to the district court. Therefore, we will not address this issue.

Westergren next argues that the district court's denial of Westergren's request for a special verdict was an error. FELA does not require the use of a special verdict. *Kansas City S. Ry. Co. v. Leslie,* 238 U.S. 599, 603, 35 S.Ct. 844, 845, 59 L.Ed. 1478 (1915). Federal Rule of Civil Procedure 49(a) gives the court discretion in deciding whether to utilize a special verdict form. *Davis v. Oberholtzer,* 588 F.2d 243, 246 (8th Cir.1978) (quoting *McDonnell v. Timmerman,* 269 F.2d 54, 58 (8th Cir. 1959)). We find no abuse of discretion in the district court's denial of the request for special verdict form.

As his final argument, Westergren contends that the district court erred in denying the motion for a new trial because the jury's verdict as to damages was unsupported by the evidence, and he fleshes out this argument by asserting that the verdict was against the weight of the evidence and that the damage award was inadequate. We will only reverse the district court's denial of a motion for a new trial based on the inadequacy of the verdict when there is a plain injustice or a monstrous or shocking result. *Marquardt v. Starcraft Marine,* 876 F.2d 61, 62 (8th Cir.1989) (citation omitted). Westergren contends that the damages award does not include damages for his pain and suffering because the verdict amount is less than the amount that BN had submitted for just

---

**3.** BN initially argued that a mitigation instruction had been given to the jury and that the *district court implicitly overruled its initial decision* denying the amendment of the pleadings and constructively amended the pleadings pursuant to Federal Rule of Civil Procedure 15(b). *See* appellee's brief, at 28. At oral argument, BN withdrew this argument and conceded that the instruction went to aggravation of physical injuries as Westergren had argued. The record from the jury instruction conference reveals that the intent of the instruction was to address possible aggravation of the physical injury. *See* Transcript for the second trial, vol. V., pp. 160–63. As the issue of the jury instruction is no longer before us, we will not address whether the jury instruction also encompassed the issue of failure to mitigate economic damages or whether the pleadings were constructively amended.

loss of earning capacity. Westergren argues that the jury must have erroneously considered the evidence of the alleged failure to mitigate economic damages. BN asserts that it presented evidence that the pain and suffering alleged by Westergren was not the direct result of the incident in question and that the evidence indicated that Westergren, although not able to perform his previous job as brakeman, did not suffer a loss of earning capacity. Based upon the conflicting evidence, we find no "monstrous or shocking result" and affirm the district court's decision.

## III. CONCLUSION

Accordingly, we affirm the district court.